LEVI KAUFMAN ET AL. v. U. S. NATIONAL BANK

[FILED MAY 5; 1891.]

1. **Sale:** CONTRACTS CONSTRUED, and *held*, to be a sale of a stock of goods, etc., the purchaser to assume and pay certain debts.

2. **Contracts.** In a contract to assume certain debts in consideration of a stock of goods, etc., two notes were described as one for $500 and one for $1,500 due the United States National Bank.

The testimony showed that the notes were not before the parties when the contract was drawn, but that the only notes possessed by the bank against the vendor was one for $500 and one for $1,350. *Held*, That the bank was entitled to recover against the purchasers the amount of said notes.

3. ———: NOVATION. A promise made to another for the benefit of a third person can be enforced by such third person, although the consideration did not move directly from him.

ERROR to the district court for Douglas county. Tried below before DOANE, J.

*Balliet, Ervin & Points*, for plaintiffs in error, cited, as to the construction of the two instruments: *Goodrich v. McClary*, 3 Neb., 130; *Tootle v. Elgutter*, 14 Id., 159; *Nidle v. State Bank*, 13 Id., 246; *Collingwood v. Merchants' Bank*, 15 Id., 121; *Delaney v. Linder*, 22 Id., 280; *Cortelyou v. Maben*, Id., 700; Greenleaf, Ev., sec. 277; *Edwards v. Clement*, 45 N. W. Rep. [Mich.], 1107; *Begg v. Forbes*, 30 Eng. L. & Eq., 508; *Etting v. Bank*, 11 Wheat. [U. S.], 74; *Bank v. Dana*, 79 N. Y., 108; *Edelman v. Yeakel*, 27 Pa. St., 26.

*Lake, Hamilton & Maxwell, contra*, cited: *Shamp v. Meyer*, 20 Neb., 223, and cases; *Bassett v. Hughes*, 43 Wis., 319; *Martin v. Martin*, 3 Pin. [Wis.], 272, 275; *Bowen v. Crow*, 16 Neb., 556, 558; Story, Contracts, secs. 535; Bliss, Code Pl., sec. 91.

PER CURIAM.

This is an action upon two promissory notes, one for $1,350 and the other for $500, both drawing interest at ten per cent.

The defendants answered separately, but appear by the same attorneys. The answers of the defendants consist of certain special denials and allege that the $1,350 note sued on was not guaranteed or assumed to be paid by them or

either of them.    The instruments under which it is claimed
the defendants are liable are as follows :

"This indenture  made this 8th day of  February, A. D.
1888, between Kaufman Bros., consisting of David Kauf-
man and Isaac Kaufman, doing business under the firm
name of Kaufman Bros., of Douglas county, Nebraska,
parties of the first part, and Levi Kaufman, Edgar P.
Davis and Samuel Rees, parties of the second part, witness :
that the said parties of the first part in consideration of the
sum of twenty thousand dollars in hand paid by the parties
of the second part has bargained and sold and by these
presents do grant and convey, unto the said parties of the
second part, their executors, administrators and assigns, the
following described goods and chattels to-wit: The said
personal property, hereby sold as aforesaid being now
owned, kept, and used by the parties of the first, at the
buildings and places of business known as Kaufman Bros.'
cigar store and located at Nos. 207 South Fifteenth street,
216 South Fifteenth street, 1009 Farnam street, in the city
of Omaha, Nebraska, and consisting of all and singular the
personal property of the party of the first part now in and
belonging to said places of business respectively, and con-
sisting principally of, first, all .the goods, chattels, wares
and merchandise, consisting of the stock of tobacco, pipes,
cigar holders, fancy articles, cigars, cigarettes, and all of the
stock of goods, chattels, wares, and merchandise owned by
us and kept by us in the building and .place of business
No. 207 South Fifteenth street, Omaha, Neb; also all the fix-
tures, show cases, counters, shelving, including all articles,
goods, and chattels owned by us and used in running the
business and contained in the store and basement No. 207
South Fifteenth street.

"Second—All the stock of goods, chattels, wares, and
merchandise, consisting of tobacco, pipes, cigar holders,
fancy articles, cigars, cigarettes, also all fixtures, including
counters, shelving, show cases, including all articles, goods

and chattels owned by us and contained in the store-room and basement No. 216 South Thirteenth street, Omaha, Neb.

"Third—All of the stock of goods, wares, merchandise, consisting of tobacco, pipes, fancy articles, cigars, cigarettes, cigar holders, also the fixtures, including counters, shelving, show cases, including all the goods and chattels owned by us and kept in the store-room No. 1009 Farnam street, Omaha, Nebraska.

"The intention being to sell and convey to the said Levy Kaufman, Edgar P. Davis, and Samuel Rees all of our personal property of any kind and nature in the premises hereinbefore described.

"Fourth—All the interest of the said parties of the first part as lessees in the premises above described, to-wit: No. 207 South Fifteenth, No. 216 South Thirteenth street, and No. 1009 Farnam street, Omaha, Neb., and all the estate, title, and interest of the said parties of the first part in and to said premises.

"The condition of the above sale is such that whereas the said Levy Kaufman stated and is surety for $6,000 on the notes of the said Kaufman Bros. due the Bank of Commerce, also one note of $1,500, and a note of $500, United States National Bank, all drawing interest at the rate of ten per cent, the date when said note was given, and the date upon which that falls due cannot now be given by the parties of the first part; and also cash loaned the said Kaufman Bros., in the sum of $300, by the said Levy Kaufman; and whereas the said Edgar P. Davis indorsed and stands security for the said Kaufman Bros. for two notes for the sum of $750 each, one note for $1,074.62, also three notes, $2,100, $1,000, $1,000 respectively, and cash loaned in the sum of $250 to the said Kaufman Bros., also one for $2,154 for which the said Davis stands security and indorsed for the said Kaufman Bros; and whereas the said Samuel Rees stands security and indorsed

notes for the said Kaufman Bros., as follows, to-wit: one
note for $2,450, two notes, one for $1,247 and one for
$1,000; also the said Rees has loaned Kaufman Bros.
cash in the sum of $666.

"Now, whereas the said Kaufman Bros. has failed to
pay said notes and cannot meet the payment of said notes,
now, therefore, the said Kaufman Bros. do hereby sell,
transfer the above described property to the second parties
herein for the payment of said notes and indebtedness of
the said Kaufman Bros. to the said Levy Kaufman, Ed-
gar P. Davis, and Samuel Rees. It is expressly agreed
that the said second parties may take possession of said
goods, chattels, and wares and merchandise, and this pos-
session is their authority.

"In witness whereof, we have here unto set our hand
and seal this 8th day of February, A. D. 1888.

"KAUFMAN BROS.,

"By DAVID KAUFMAN.

"DAVID KAUFMAN.

"ISAAC KAUFMAN.

"Witness:

"R. S. ERVIN."

This instrument was duly acknowledged.

At the same time the defendants entered into the follow-
ing agreement with Kaufman Bros.

"This agreement, made and entered into on this 8th day
of February, A. D. 1888, by and between Kaufman Bros.,
consisting of David Kaufman and Isaac Kaufman, parties
of the first part, and Levy Kaufman, Edgar P. Davis, and
Samuel Rees, parties of the second part, witnesseth:

"That the said Kaufman Bros., David and Isaac Kauf-
man as aforesaid, are to transfer, sell, and set over unto
Levy Kaufman, Edgar P. Davis, and Samuel Rees all of
our personal property, consisting of all of the stock of
goods, wares and merchandise, chattels of every kind and
nature contained in the three store-rooms and basement of

the store building, 207 South Fifteenth street, 216 South
Thirteenth street, and 1009 Farnam street, Omaha, Ne-
braska; also all of our real estate situated in Douglas
county and Sarpy county, Nebraska, and Monona county,
Iowa, except the homestead of David Kaufman, said real
estate being in the name of David Kaufman. In con-
sideration and in full payment for the indebtedness due
from us, the said Kaufman Bros., to the said Levy Kauf-
man, Edgar P. Davis, and Samuel Rees, and for the further
consideration from Edgar P. Davis, and Samuel Rees of
$3,000 cash in hand paid, the receipt whereof is hereby
acknowledged, and we, the said Levy Kaufman, Edgar P.
Davis, and Samuel Rees do hereby pledge and bind our-
selves, our heirs, executors, and administrators to hold the
said Kaufman Bros. harmless from all liability on all notes
which we have either indorsed for them or signed with them
or put up collateral security for, and which we, before the
execution of this agreement, guaranteed the payment.

"Witness our hands this 8th day of February, A. D.
1888.                   KAUFMAN BROS.,
                            "By DAVID KAUFMAN.
                          "DAVID KAUFMAN.
                          "ISAAC KAUFMAN.
                          "EDGAR P. DAVIS.
                          "SAMUEL REES,
                              "By E. P. DAVIS.
                          "LEVY KAUFMAN,
                              "By R. S. ERVIN.

"We, Levy Kaufman and Samuel Rees, hereby accept,
affirm, and ratify the above and foregoing agreement.
                          "SAMUEL REES.
                          "LEVY KAUFMAN."

The construction of these instruments was before this
court in *Kaufman v. Coburn*, 30 Neb., 672, and it was
held that the plaintiffs in error had agreed to assume the
debts mentioned in the agreement on the consideration

that they were to receive the property described therein. They did receive this property and thereby agreed to pay the debts mentioned.

This was not a case of trust where the plaintiffs in error agreed to sell the property and pay the debts; but one in which they agreed, in consideration of receiving the property, that they would pay the debts specified. Each of the plaintiffs in error had become security in a large amount for Kaufman Bros., and it is probable that they saw that their principals would be unable to pay the debt for which they were security, and hence that they would be liable therefor. Therefore, in order to secure themselves, they purchased the property, and as part of the consideration agreed to pay notes to the amount of $2,000 and interest due the defendant in error. The contract of sale was drawn in the office of an attorney, and the amount of the notes was merely stated in a general way, apparently from memory. The proof, however, clearly shows that the defendant in error possessed no other notes against Kaufman Bros. besides those in suit, and that the note described in the agreement for $1,500 must have referred to the one for $1,350. In effect, as part of the consideration for the property purchased by the plaintiffs in error, they promised to pay notes to the defendant to the amount of $2,000 and interest. They are now complaining because those notes without interest amount only to the sum of $1,850. A mere statement of the proposition shows how untenable the position of the plaintiffs in error is.

The plaintiffs in error having made a promise for the benefit of the defendant in error, the latter can maintain an action thereon. (*Shamp v. Meyer*, 20 Neb., 223; *Milliani v. Tognini*, 7 Pac. Rep., 279; *Lawrence v. Fox*, 20 N. Y., 268; *Farley v. Cleveland*, 4 Cow., 432; S. C., 9 Id., 769; *King v. Whitely*, 10 Paige, 465; *Halsey v. Reed*, 9 Id., 445; *Schermehorn v. Vanderheyden*, 1 Johns., 139; *Bassett v. Hughes*, 43 Wis., 319.)

It is apparent that the judgment of the court below for $1,850 and interest is right, and is

AFFIRMED.

THE other judges concur.