[Sac. No. 1748. Department One.—July 16, 1910.]

## A. G. WISHON, Appellant, v. GLOBE LIGHT AND POWER COMPANY, (a Corporation), et al., Respondents.

APPROPRIATIONS OF WATER-RIGHTS—RULES OF PRIORITY AND DILIGENCE —RELATION.—As between appropriators of water-rights, the one first in time is first in right, unless the prior appropriator has failed to prosecute his right with reasonable diligence. If he has used reasonable diligence, his completion of the work relates to and protects his notice of appropriation.

ID.—REASONABLE DILIGENCE—INTERRUPTION IN FOREST RESERVATION— PERMIT FROM GOVERNMENT—CODE PROVISION.—Where the work under the prior appropriation was prosecuted with reasonable diligence, until it was stopped in a forest reservation by the supervisor of forestry, until a permit was obtained from the government, under section 1422 of the Civil Code as enacted in 1903, the prior right is protected until sixty days after such permit, and the prosecution of the work thereafter with reasonable diligence, to completion, preserves such prior right.

ID.—CONSTRUCTION OF CODE PROVISION—LOCATION IN FOREST RESERVATION—SHOWING IN NOTICE OF APPROPRIATION—GOVERNMENT SURVEY —JUDICIAL NOTICE.—Under section 1422 of the Civil Code, protecting water-rights until after authority is obtained from the government, where any part of the work lies within a "forest reservation," if it "be so shown in the notice of appropriation of said water," it is sufficiently "so shown" in the notice when the land is so described by legal subdivisions of the government survey, that this court must take judicial notice that the same lies within and is a part of the "Sierra Forest Reserve," though the notice does not so state in terms.

ID.—FORM OF NOTICE OF APPROPRIATION UNCHANGED.—It was no part of the design of section 1422 of the Civil Code to change the rule as to the form of the notice of appropriation. That was a matter wholly covered by section 1415 of the Civil Code, which, so far as the form of the notice of appropriation is concerned, has not been changed since its adoption in 1872.

ID.—OBJECT OF NEW SECTION—PROTECTION OF CLAIMANTS PENDING PERMIT.—The sole object of section 1422 was to protect claimants who were unable to proceed with the work necessary to protect their claims, because the place of intended diversion or part of the route of intended conveyance of the water was within and part of a national forest reservation, pending the procurement with due diligence of the essential authority from the government of the United States.

ID.—OBJECT AND IMPORT OF "SHOWING IN NOTICE."—The provision in section 1422 of the Civil Code that the fact of location within a forest reservation shall be "shown" in the notice of location, was evidently intended simply for the purpose of requiring the notice itself to furnish evidence of that fact. It does not import or require that the notice shall "state" that fact; but the object of the provision is accomplished when the facts stated therein are such as to enable the court to declare judicially that it is so located, and is part of such reservation.

ID.—EVIDENCE—APPLICATION AND PERMIT—LETTER FROM LOCAL LAND-OFFICE EXCLUDED—ERROR NOT SHOWN.—Where the application and permit .were received in evidence, the exclusion of a letter from the local land-office transmitting the application is not shown to be erroneous, where the contents of such letter are not in the record.

ID.—HARMLESS EVIDENCE.—In view of the legal effect of section 1422 of the Civil Code, evidence of the prior locator as to his interview with the forest supervisor, when he declared the work stopped, that he could not proceed without a permit from the government, and evidence of a letter from the supervisor to the general land-office, and of another from the acting commissioner ordering the work stopped till a permit was obtained, if immaterial, was harmless.

ID.—WHOLE RECORD OF APPLICATION FOR PERMIT ADMISSIBLE.—The whole record of the application of the defendant for a permit from the government was admissible, not only to show the fact of such application, and its determination, but also as bearing upon the diligence of the defendant in making and presenting the same, in face of the plaintiff's opposition, and also upon the resumption of work within the requisite time after the issuance of the permit.

ID.—EVIDENCE—ACQUISITION OF PRIOR RIGHT BY DEFENDANT.—Evidence of a contract, under which the defendant acquired all rights initiated under the prior notice was admissible to show such acquisition.

ID.—PROOF OF ABSENCE OF FURTHER INTEREST OF PRIOR LOCATOR.—Evidence of the prior locator that he had received all that he was to receive under the agreement to sell his interest to the defendant, and that he had no interest in any manner in the property of the defendant, was sufficient to negative any pecuniary interest in the result of the action on the part of such prior locator, as a witness.

ID.—ABSENCE OF PREJUDICIAL ERROR IN EVIDENCE.—It is held that there is no prejudicial error in the admission or exclusion of evidence, or in the cross-examination of witnesses for the defendant.

APPEAL from a judgment of the Superior Court of Tulare County, and from an order denying a new trial. W. B. Wallace, Judge.

The facts are stated in the opinion of the court.

Hannah & Miller, Frank H. Short, and F. E. Cook, for Appellant.

E. C. Farnsworth, N. O. Bradley, and E. O. Larkins, for Respondents.

ANGELLOTTI, J.—Plaintiff and defendant Globe Light & Power Company are conflicting claimants of the right to divert waters from points on the Tule River in Tulare County, said points of diversion not being far apart and both being within the United States forest reservation known as the Sierra Forest Reserve. Each claim is based upon proceedings for the appropriation of such water had in accord with the provisions of title VIII of part IV of division second of the Civil Code (secs. 1410, 1422). The trial court found the claim of said defendant to be paramount to the extent of its right to take and divert from points described, fifty cubic feet per second of the water, and that plaintiff's claim of the right to take and divert water of said river at a lower point, which is otherwise sustained, is subject and subordinate to the exercise of this right in said defendant.

This is an appeal by plaintiff from the judgment and from an order denying his motion for a new trial.

The claim of defendant corporation is based upon a notice of appropriation posted by its predecessor in title, James W. Bursell, on September 26, 1902. It is admitted that this notice was in due form, stating all the matters required by section 1415 of the Civil Code and that it was duly and properly recorded in the proper county recorder's office. The notice did not in terms state that the proposed points of diversion were "within, and a part of, any national park, forest reservation," etc., but did state that they were located on section 15, township 20 south, range 30 east, M. D. B. & M. It is admitted that it is a matter for judicial notice that all of this section is within and a part of the Sierra Forest Reserve. Plaintiff's notice of appropriation was not posted until April 18, 1903. This notice also was in proper form and duly recorded. Like defendant's notice, it did not state in terms that either the place of intended diversion or any part of the route of intended conveyance of water was "a part of" any forest reservation, though it may be conceded that it sufficiently

described the location to show that it was a part of the Sierra
Forest Reserve. A careful examination of the record has
satisfied us that the conclusion of the trial court to the effect
that work was commenced under the Bursell notice within
sixty days after the posting thereof and prosecuted diligently
and uninterruptedly to April 17, 1903, must be held to be
sufficiently supported by the evidence. On the last-named day,
April 17, 1903, United States Forest Supervisor White notified
those engaged in the work that they must cease work, no
permit having been obtained from the United States govern-
ment for the doing of the same. The statute then provided
that permission for such purposes must be obtained from the
government, and only upon a finding by the proper officer that
the same is not incompatible with the public interest (31
U. S. Stats. 790, [U. S. Comp. Stats. 1901, p. 1584]. On March
5, 1903, said defendant had filed its application for such a
permit. This application was diligently prosecuted, being
resisted by plaintiff, and was finally granted July 28, 1906.
From April 17, 1903, to July 28, 1906, practically no work
was done under the notice. Within sixty days after the grant-
ing of such permit, viz., on September 9, 1906, said defendant
resumed work and diligently prosecuted the same to the time
of the commencement of this action, September 21, 1906, and
thereafter to completion. Plaintiff also seasonably applied for
a similar permit, and the same was granted August 30, 1906.
No work has as yet been done by him thereunder, but this is
a matter of no importance on this appeal.

The law being that "as between appropriators, the one first
in time is the first in right" (Civ. Code, sec. 1414), said de-
fendant's right is superior to that of plaintiff unless it has
failed to comply with the rules relating to an appropriation
of water. The material rule here is that declared in section
1416 of the Civil Code that "within sixty days after the notice
is posted, the claimant must commence the excavation or con-
struction of the works in which he intends to divert the water,
or the survey, road or trail building, necessarily incident
thereto, and must prosecute the work diligently and uninter-
ruptedly to completion, unless temporarily interrupted by
snow or rain." Section 1417 of the Civil Code provides that
"by 'completion' is meant conducting the waters to the place
of intended use," section 1418 of the Civil Code that "by a

compliance with the above rules the claimant's right to the use of the water relates back to the time the notice was posted," and section 1419 of the Civil Code that "a failure to comply with such rules deprives the claimants of the right to the use of the water as against a subsequent claimant who complies therewith."

The evidence being sufficient to support the conclusion that the work was prosecuted diligently and uninterruptedly to April 17, 1903, the main question presented is as to the effect of the cessation of work from April 17, 1903, to September 9, 1906, under direction from the United States forest supervisor.

By act approved March 24, 1903, [Stats. 1903, c. 272], taking effect immediately upon its approval, section 1422 was added to our Civil Code. It provides: "If the place of intended diversion or any part of the route of intended conveyance of water so claimed, be within, and a part of, any national park, forest reservation or other public reservation, and be so shown in the notice of appropriation of said water, then the claimant shall have sixty days, after the grant of authority to occupy and use such park or reservation for such intended purpose, within which to commence the excavation or construction of said works," provided that the claimant shall diligently proceed with such surveys and other work as may be required as preliminary to or for use with, an application for such authority, and provided also that the claimant shall in good faith on completion of such survey and preliminary work, apply to the officer having charge of such park or reservation, for such authority, and thereafter prosecute his application with reasonable diligence.

If this section may be successfully invoked by defendant corporation in support of its claim based on the notice of appropriation posted on September 26, 1902, it must be held that the suspension of work from April 17, 1903, to September 9, 1906, in no way affected its claim, for concededly the application for authority to do the work was promptly made and diligently prosecuted, and the work was resumed within sixty days after the granting of authority and diligently pursued to completion. The claim of learned counsel for plaintiff in this behalf is that the Bursell notice was not in such form or of such nature as to take the benefit of the new

section, the particular point being that it was not "shown" therein that the place of intended diversion or any part of the route of intended conveyance of water claimed thereby. was "within, and a part of" the Sierra Forest Reserve. As was substantially said by the learned trial judge, if the words "shown in the notice" be construed as meaning expressly stated in so many words in the notice, it must be conceded that both the Bursell notice and plaintiff's notice are insufficient to bring the claimants thereunder within the provisions of section 1422 of the Civil Code, for neither notice so states in express terms. But we are satisfied that no such construction should be given to the language in question. It was no part of the design of section 1422 of the Civil Code to change the rule as to the form of notice of appropriation. That was a matter wholly covered by section 1415 of the Civil Code which, so far as the form of notice is concerned, has not been changed since its adoption in 1872. The sole object of section 1422 was to protect claimants who were unable to proceed with the work necessary to perfect their claims by reason of the fact that the place of intended diversion or a part of the route of intended conveyance was within and a part of some national forest reservation, etc., pending the procurement with due diligence of the essential authority from the United States government, and the provision that this fact should be "shown" in the notice was evidently inserted simply for the purpose of requiring the notice itself to furnish evidence of the fact, and of holding the claimant to a specific point of diversion within and a part of, or a specified route of intended conveyance wholly or partly within and a part of, a forest reservation, etc. Clearly it would appear to answer any possible object of the provision that the notice should give such a description as will, with those matters of which courts take judicial notice, definitely locate the proposed point of diversion, or the whole or some part of the proposed route of conveyance as being within and a part of a forest or other public reservation. And this, we think, is all the language of the section calls for. It will be observed that the requirement is not that the notice must "state" that any such point is within or a part of a reservation, but simply that such fact must be "shown in the notice," and we are satisfied that it should be held to be so "shown" when

the facts stated therein are sufficient to enable a court to declare thereon that it is so located and is a part of the reservation.

What we have said practically disposes of all of the claims of plaintiff except certain alleged errors in the matter of the admission and exclusion of testimony.

On the objection of defendant, the court excluded a letter forwarded by the register of the United States land-office at Visalia, transmitting the application of plaintiff for a permit to do his contemplated work to the proper officer at Washington, D. C. The letter is not in the record, and we certainly cannot say that it was in any way material, or constituted competent evidence in this cause. The application itself and the subsequent order granting the permit to plaintiff were introduced in evidence.

The evidence of Bursell as to his interview with Forest Supervisor White in charge of the Sierra Forest Reserve, just after White ordered the work stopped because no permit had been obtained from the government, in which White told him substantially that he could not proceed therewith without such a permit, was probably immaterial, in view of our conclusion that the claimant was fully protected by section 1422 of the Civil Code, but its effect certainly was not prejudicial to plaintiff.

The agreement between Bursell and Henley on the one hand and defendant corporation on the other was relevant and material to show the acquisition by said defendant of the right initiated by the Bursell notice.

We cannot see that certain questions asked Bursell on cross-examination as to the posting of other notices of appropriation prior to September 26, 1902, constituted proper cross-examination, and are of the opinion that the objections that the same were not proper cross-examination were properly sustained. It appears however that subsequent to the ruling complained of, plaintiff cross-examined Bursell quite fully upon the matter of prior postings. What we have said is equally applicable to certain rulings on the cross-examination of Mr. Henley, Bursell's associate.

Bursell having testified upon cross-examination that he had no interest whatever in the defendant or in this action, was asked what he received at the time he disposed of his interest

under the agreement with defendant corporation. An objection was sustained. The witness then testified that he had already received all that he was to receive, had been paid in full, and was not to receive any power or use of power from defendant corporation or any of the other defendants. We think the evidence thus given covered the question of pecuniary interest of the witness in the result of the action as fully as plaintiff could reasonably ask.

Two letters, one from Forest Supervisor White to the commissioner of the general land-office, dated April 23, 1903, and one from the acting commissioner to Forest Supervisor White, dated May 8, 1903, were introduced in evidence for the purpose of showing that the stopping of the work by the forest supervisor until a permit was obtained had the sanction and approval of the land department of the government. Assuming this evidence to be immaterial in view of our conclusion as to the effect of section 1422 of the Civil Code we are satisfied that it must be held to have been harmless. This appears to be practically conceded by learned counsel for plaintiff.

An objection that the proposed testimony is "irrelevant, immaterial, not competent or legal evidence" was made to various records of the local land-office, the land department, and the interior and agricultural departments, in the matter of the application for a permit to do the proposed work by defendant corporation and the opposition of plaintiff thereto, and was overruled. These records included opinions and decisions of the various officers upon questions presented in the proceeding. We are satisfied that the whole record in the matter of the application of defendant corporation for a permit from the government was admissible, not only to show the fact of such application and its determination, but also upon the question of the diligence of such defendant in making and prosecuting the same, and the resumption of its work within the requisite time after the determination thereof and the issuance of a permit.

We do not see how the evidence of the president of defendant corporation to the effect that it is the intention of such defendant to expend some $250,000 in the installation of a power plant was material or relevant, but we cannot conceive that it may have operated to the prejudice of plaintiff.

There is no other matter requiring notice.

The judgment and order denying a new trial are affirmed. °

Shaw, J., and Sloss, J., concurred.