## In re WEIDENFELD.

### Petition of MILKMAN.

(Circuit Court of Appeals, Second Circuit. November 16, 1921.)

### No. 41.

1. **Bankruptcy ⇐⇒339—Only pleadings as to claim are sworn proof and objection.**

   The only pleadings of proof of a debt in bankruptcy are the sworn proof, or the filed claim, and the objection to the claim, which must be filed by the trustee in writing.

2. **Limitation of actions ⇐⇒182(2)—Must be pleaded.**

   The statute of limitations is a defense only when pleaded.

3. **Bankruptcy ⇐⇒339—Objection to claim held not to raise defense of limitations.**

   An objection to claims presented against a bankrupt's estate, that there was no proof of the validity or consideration for the claims, or of their being proper, under the laws of the state, does not include the statute of limitations as a plea in bar.

4. **Bankruptcy ⇐⇒340—Sworn proof of claim is prima facie evidence.**

   Though the schedule of a debt barred by the statute does not make it a provable claim, the sworn proof of claim is prima facie evidence, which warrants payment of the claim, in the absence of an objection.

5. **Bankruptcy ⇐⇒339—Objection to claim is for hearing.**

   Under Bankruptcy Act, § 57 (Comp. St. § 9641), it is the objection to the claim against the estate, and not the claim itself, which is for hearing and determination.

6. **Bankruptcy ⇐⇒339—Objection to claim should present grounds.**

   While there is no particular form required for objections to claims against the bankrupt estate, such objections should be in writing, and should be sufficiently explicit to indicate to the one presenting the claim the nature of the objection, and to enable the officer passing on the claims to do so intelligently and judicially.

Petition to Revise Order of the District Court of the United States for the Eastern District of New York.

In the matter of the estate of Camille Weidenfeld, bankrupt. On petition by Walter B. Milkman, as trustee, to revise an order of the District Court (271 Fed. 1010), reversing an order of the referee in bankruptcy, which rejected and disallowed a claim filed against the bankrupt estate, for the estate of John Byrne, deceased. Order of the District Court affirmed.

See, also, 257 Fed. 872; 267 Fed. 699.

⇐⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Herman J. Witte, of New York City, for petitioner.

Frederic W. Frost, of New York City, for respondent.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

MANTON, Circuit Judge. Camille Weidenfeld was adjudicated a bankrupt on the 19th of May, 1919. On April 11, 1907, the executors of John Byrne recovered a judgment, which was docketed on that day in the clerk's office of Nassau county, N. Y., for $395,745.82. After negotiations between the parties, and on April 20, 1919, an agreement was made in writing between the executors and the bankrupt, which provided, among other things, that the bankrupt pay in cash $25,000 at the time of the signing of the agreement, and deliver a promissory note of $50,000, to be paid on April 20th, 1910. For security, for the payment of this note, the bankrupt agreed to deliver as collateral a policy of life insurance in the New York Life Insurance Company for $50,000 and the capital stock of a domestic corporation which owned real estate in the city of New York. The agreement provided that the $50,000 could be paid at any time prior to the due date, and upon such payment there would be a transfer of the collateral which accompanied the note. It provided for the delivery of 20 promissory notes, of $5,000 each, aggregating $100,000, bearing the date of delivery, and providing that one should become due every 6 months, and, upon default of the payment of any of these notes, the promissory notes then outstanding should become due and payable immediately. It was further provided that the executors would be further secured by a confession of judgment, to be delivered at the time of the payment of $25,000 cash, which would conform to the New York Code of Civil Procedure, and which would provide for the entry of the judgment as upon contract against the bankrupt for the entire amount of the judgment of $395,745, with the interest thereon, less any payments made under the provisions of the agreement, and that such payment should apply on the amount due for principal and interest. It provided the form of the agreement, and for a renewal thereof three months prior to the date when such confession of judgment shall cease to be effective, under the provisions of the New York Code; that is to say, that a further confession of judgment would be executed and delivered to the executors for the longest permissible period. Upon any default in carrying out the terms of the agreement, it was provided that the confession of judgment for the entire amount remaining due upon the original judgment should immediately become due and payable, "notwithstanding this agreement, and judgment may be entered forthwith against the second party therefor." Twenty-five thousand dollars in cash and other payments were made. Other security was delivered, so that the stock of the realty corporation given as collateral for the $50,000 note was released. The $50,000 note was paid, but default was made in other payments. Note No. 6, for $5,000, maturing four years after date, was sold on the 14th of May, 1919, to one William W. Wilson, and was deducted from the total indebtedness claimed in the proof of claim.

No action was brought to enforce the payment of these notes, nor was the confession of judgment entered within this statutory time, as provided by section 1275 of the New York Code of Civil Procedure. This status continued from the payment of the last note to the filing of the petition in bankruptcy.

The claim filed is for $588,416.45. This amount is the original judgment and interest, less the payments made. A claim was also filed by William W. Wilson for the amount of $5,000. The referee in bankruptcy disallowed both claims. An appeal was then taken to the District Court. The District Judge reversed the referee's determination, and the record discloses no petition to review the action of the referee, in so far as his determination related to the claim of William W. Wilson. The opinion of the District Judge considers only the claim of the executors of John Byrne, and reversed the determination of the referee only in so far as it relates to that claim. Therefore the claim of William W. Wilson is not before us, and we cannot consider it on this application for a revision of the order of the District Judge.

[1-3] The referee expunged the claim of the estate of John Byrne for the reason that it was barred by the statute of limitations. The only pleadings of proof of a debt in bankruptcy are the sworn proof, or the filed claim, and the objection to the claim, which must be filed by the trustee in writing. The statute of limitations is a defense, and a bar only when pleaded. The objection, which is filed by the trustee, does not include the statute of limitations as a plea in bar. The defense offered in the objection filed here is that there was no proof before this court of the "validity or consideration for the said claims, or of their being proper under the laws of the state of New York," and the prayer is that the claims be disallowed and expunged. It is the duty of the trustee to plead the statute of limitations whenever an outlawed claim is presented.

[4, 5] The schedule of a debt barred by the statute does not make it a provable claim. Bankruptcy proceedings are more summary than ordinary suits. The sworn proof of claim is prima facie evidence of its allegations in case it is objected to. The proof of claim warrants payment of a dividend, in the absence of an objection, and therefore has probative force. Whitney v. Dresser, 200 U. S. 533, 26 Sup. Ct. 316, 50 L. Ed. 584. It is the objection, and not the claim, which as pointed out by § 57 of the act (Comp. St. § 9641) is for hearing and determination.

[6] While there is nothing in the act or the rules in bankruptcy directing the forms of such objections they should be in writing, and the specifications should be sufficiently explicit to indicate to the one presenting the claim the nature and the character of the objections. It should be sufficient to enable the officer passing on the claims to do so intelligently and judicially. Spencer v. Lowe, 198 Fed. 961, 117 C. C. A. 497; In re Royce Dry Goods Co. (D. C.) 133 Fed. 100. Such objections are specifically allowed by statute. In re Wooten (D. C.) 118 Fed. 670. The defense of the statute of limitations is a bar to a claim, and, when it is interposed, it must be pleaded and proved. In the

absence of such a defense, presented by objection, it was permissible for the executors to file and prove their claim.

Order affirmed.