[Civ. No. 8364. First Appellate District, Division One.—August 1, 1932.]

A. DON DUNCAN, Appellant, v. LATANE C. TORNEY, Respondent.

A. Don Duncan, *in pro. per.*, and Percy A. Smith for Appellant.

Ford & Johnson for Respondent.

THE COURT.—An appeal by the plaintiff from an order taxing and disallowing costs claimed by plaintiff. The reason of the order was that a judgment entered in plaintiff's favor was one which could have been rendered by the Municipal Court in the City and County of San Francisco.

The action was brought in the Superior Court of the City and County of San Francisco to enforce a lien created by contract upon a judgment entered in respondent's favor against defendant Petersen. The complaint, which was filed on February 14, 1930, alleged an express promise to pay as a contingent attorney's fee thirty-three and one-third per cent of the judgment recovered, the amount of plaintiff's claim being $1832. On May 14, 1931, a supplemental complaint was filed, alleging that the judgment had been assigned by respondent to one Millerick, who took subject to plaintiff's lien, and on May 29, 1931, there was filed an amendment to the original complaint by adding a count for the reasonable value of plaintiff's services, alleged to be the above sum, and praying that the same be declared a lien on the judgment. The action was tried by a jury, which returned a verdict for the plaintiff. A judgment was entered thereon by the court declaring the amount claimed to be a lien on the judgment mentioned.

Section 1022 of the Code of Civil Procedure contains the proviso "that the plaintiff shall not recover costs when the judgment is one which could have been rendered by a municipal or inferior court within the county or city and county in which the action is properly commenced" (Stats. 1929, p. 846). The parties concede that the superior court had jurisdiction of the action; that no municipal court was established in said city and county before July 1, 1930, and that the justice's court was limited in its jurisdiction to $1,000. The parties differ as to whether under the pleadings as finally presented the action was one at law or in equity, and whether in the latter case a municipal court would have had jurisdiction.

But however this may be, there was, as stated, no court in said city and county except the superior court which had jurisdiction of the action when the same was commenced; and if respondent's contention is correct then all actions pending in the superior court of a county when a municipal court is established therein, and of which the latter court

would have had jurisdiction had it been in existence when the actions were filed, will be affected, and in none of such actions can a successful plaintiff recover his costs in the superior court.

■ The right to recover costs is purely statutory (*Williams* v. *Atchison, Topeka & Santa Fe Ry. Co.*, 156 Cal. 140 [134 Am. St. Rep. 117, 19 Ann. Cas. 1260, 103 Pac. 885]); ■ and while the legislature may give to a statute a retroactive operation except in so far as it would conflict with some vested right secured by constitutional guaranty (*State Commission of Lunacy* v. *Welch*, 20 Cal. App. 624 [129 Pac. 974]; *Herrold* v. *Reen*, 58 Cal. 443), a mere literal construction ought not to prevail if it is opposed to the legislative intention apparent from the act itself; and in the absence of a clearly expressed intention to the contrary, every statute will be construed to operate prospectively (*In re Frees Estate*, 187 Cal. 150 [201 Pac. 112]; *Roberts, Thomas & Co.* v. *Allen*, 215 Cal. 595 [12 Pac. (2d) 451]); nor will it be construed so as to affect pending proceedings unless such intention is expressly declared or necessarily implied from its language (*Gates* v. *Salmon*, 28 Cal. 320; *Vanderbilt* v. *All Persons*, 163 Cal. 507 [126 Pac. 158]; *East Bay Municipal Utility Dist.* v. *Garrison*, 191 Cal. 680 [218 Pac. 43]; *Montecito Co. Water Dist.* v. *Doulton*, 193 Cal. 398 [224 Pac. 747]; *People* v. *Allied Architects' Assn.*, 201 Cal. 428 [257 Pac. 511]; *Blade* v. *Superior Court*, 102 Cal. App. 375 [283 Pac. 81].) ■ Here there is no such declaration, nor is the intention necessarily implied from the language of the proviso. The construction contended for by the respondent would work an injustice to parties to pending litigation, a result which cannot be presumed the legislature intended; and in view of the authorities it is our conclusion that the proviso should not be given a retroactive operation.

The order is reversed.