[Civ. No. 9094. First Appellate District, Division One.—June 15, 1934.]

INGER MARIE PETERSEN et al., Respondents, v. ERIC LYDERS, Appellant.

Sawyer & Cluff, James F. Brennan and John J. McMahon for Appellant.

Morrison, Hohfeld, Foerster, Shuman & Clark for Respondents.

JOHNSTON, J., *pro tem.*—This is an appeal from a judgment for plaintiffs, entered pursuant to a motion for a directed verdict. Plaintiffs sued the defendant on a common count for money had and received. Defendant was the attorney appointed by the Danish consul to represent plaintiffs in collecting certain moneys due from estates. Plaintiffs had executed a power of attorneys to the Danish Home Office in Denmark, which was forwarded to the Danish consul in San Francisco, who in turn appointed defendant and gave him the power of attorney. Defendant admitted this procedure and that at all times he knew that he was representing plaintiffs. Defendant attempted to set off in this action certain claims alleged to be due him from the Danish government; also from other foreign heirs for collecting moneys for them from other estates. He also contends that by virtue of the sovereign character of his employer, the Danish consul, he is not amenable to plaintiffs in such a proceeding. He also bases his contention upon the grounds that they, as principals, have no right to proceed against him as a subagent.

The recent case of *Estate of Clausen*, 202 Cal. 267 [259 Pac. 1094], decides that the consul of Denmark, in representing foreign heirs, does not do so in his sovereign capacity under and by virtue of the treaty between the United States and Denmark, establishing consular offices

and defining their duties. (Danish treaty, August 10, 1926, 8 U. S. Stats. 340.) The Danish consul, therefore, in acting for foreign heirs, does so under a power of attorney and not in his official capacity. (*Estate of Servas,* 169 Cal. 240 [146 Pac. 651, Ann. Cas. 1916D, 233] ; *Estate of Ghio,* 157 Cal. 552 [108 Pac. 516, 137 Am. St. Rep. 145, 37 L. R. A. (N. S.) 549].) We must conclude, therefore, that the Kingdom of Denmark in no way is interested in this action in its sovereign capacity.

Appellant then contends that the plaintiffs, who have the character of principals, have no right to proceed in this form against the defendant,' who is a subagent. We are not impressed by this contention for the reason that there is no insistence in the law of agency in this state that there be a privity of contract between the principal and the subagent to authorize the principal to proceed against the subagent as a beneficiary in fact of the contract of agency between the agent and the subagent. (*Marshall* v. *Swaim,* 102 Cal. App. 119 [282 Pac. 423] ; *National Bank* v. *Grand Lodge,* 98 U. S. 123 [25 L. Ed. 75] ; *Hall* v. *Marston,* 17 Mass. 575 ; *Chung Kee* v. *Davidson,* 102 Cal. 188 [36 Pac. 519].) The court in the case of *Chung Kee* v. *Davidson, supra,* at page 196, states upon considering the authorities in a similar problem: ''The Supreme Court of the United States, after conceding the general rule to be that privity of contract is necessary to the maintenance of the action of *assumpsit* said: 'But there are confessedly many exceptions to it. One of them, and by far the most frequent one, is the case where, under a contract between two persons, assets have come to the promisor's hands or under his control, which in equity belong to a third· party. In such a case it is held that the third person may sue in his own name. *But then the suit is founded rather on the implied undertaking the law raises from the possession of the assets than on the express promise.'* '' (Italics ours.)

The third person's right is not based on ''an assumptual obligation created by the contract'', but on ''an obligation in the nature of an *assumpsit* created by law from the facts of the case. In other words, we here perceive a manifestation'' of an obligation created by law, often referred to as a *quasi* contract. (2· Street, Foundations of Legal Liability, 161.) The leading case of *Brewer* v. *Dyer,*

(1851) 7 Cush. (61 Mass.) 337, the principle of which is followed in the Chung Kee case, *supra*, states the rule to be that " . . . the law, operating on the act of the parties, creates the duty, establishes the privity, and implies the promise and obligation, on which the action is founded". (*Lawrence* v. *Fox*, 20 N. Y. 268; *Meyerson* v. *New Idea Hosiery Co.*, 217 Ala. 153 [115 So. 94, 55 A. L. R. 1231]; *Dean* v. *Walker*, 107 Ill. 540 [47 Am. Rep. 467]; *Kaufman* v. *United States Nat. Bank*, 31 Neb. 661 [48 N. W. 738]; *Feldman* v. *McGuire*, 34 Or. 309 [55 Pac. 872]; and many other cases in different jurisdictions.)

We are also unable to agree with appellant to the effect that a set-off is proper in a proceeding like the one considered. It is elementary that a set-off may not be invoked unless the parties and the debts are mutual and that the doctrine of mutuality requires that the debts be due to and from the same persons in the same capacity. (23 Cal. Jur. 262; *Kaye* v. *Metz*, 186 Cal. 42 [198 Pac. 1047]; *Flynn* v. *Seale*, 2 Cal. App. 665, 670 [84 Pac. 263]; *Montgomery* v. *Rauer*, 125 Cal. 227 [57 Pac. 894].)

We have already concluded that the Kingdom of Denmark does not properly appear as a party to the proceeding in its sovereign capacity by virtue of the ruling in *Estate of Clausen* and *Estate of Ghio*, *supra*. The compensation that the defendant demands by way of set-off is properly an action incident to his contract of employment with the Danish consul as attorney for the Kingdom of Denmark, acting in its sovereign capacity, through its consul; or on powers of attorney from other heirs in other estates. We must conclude, therefore, that the claim defendant asserts against the Danish government for compensation for services rendered to it or other foreign heirs is not properly set off against the claim of plaintiffs in this proceeding, because of the lack of mutuality of interests and parties.

It must also be concluded that the trial court did not err in directing a verdict for plaintiffs, because none of the testimony offered by the defendant in any way controverted the material issues developed by the plaintiffs. There is but one conclusion from the evidence as presented, giving full force and effect to that of the defendant, to the effect that judgment should lie against the defendant for the benefit of the plaintiffs for the amount of money

due, owing and unpaid to the plaintiffs in the hands of the defendant.

In directing a verdict for plaintiffs, however, the trial court refused to allow them interest on their respective claims, and they have taken a separate appeal from that portion of the judgment, which has this day been decided in favor of plaintiffs, with directions to the trial court to revise and re-enter its judgment in accordance with the views therein expressed. (*Petersen* v. *Lyders*, *post*, p. 307 [33 Pac. (2d) 1032].) Therefore, in conformity therewith, the trial court is directed to revise and re-enter its judgment so as to allow plaintiffs interest on their respective demands; and thereupon the judgment will stand affirmed, respondents to recover their costs.

Cashin, J., and Knight, Acting P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 14, 1934, and an application by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 13, 1934.