[Civ. No. 9103. First Appellate District, Division One.—June 15, 1934.]

INGER MARIE PETERSEN et al., Appellants, v. ERIC LYDERS, Respondent.

Morrison, Hohfeld, Foerster, Shuman & Clark for Appellants.

Sawyer & Cluff, James F. Brennan and John J. McMahon for Respondent.

JOHNSTON, J., *pro tem.*—This appeal is companion to the one taken by defendant in the above-entitled cause, which this day has been decided in favor of plaintiffs (*ante,* p. 303 [33 Pac. (2d) 1030]). The facts are fully set forth in the decision filed therein. As there stated, the defendant for many years has been the attorney for the consulate of Denmark. Plaintiffs were the heirs of different estates of decedents residing in the United States and in particular in California, in which matters connected with said estates defendant had represented them as attorney upon request of the Danish consul. The heirs of each of the five estates involved herein brought separate actions against defendant seeking to recover moneys he had collected in those several estates and belonging to said heirs. Each complaint was in form for money had and received.

Plaintiffs' case was largely made out by defendant's testimony, and at the trial plaintiffs amended their complaints to conform to the proof, thereby reducing the amounts prayed for. This reduction resulted at least in part by allowing defendant certain credits for disbursements in these matters and for fees and disbursements in other matters he

had handled for the Danish consul. To each complaint defendant filed a second amended answer alleging that he had accounted to the Danish consul for all moneys received on behalf of plaintiffs, and subsequently he filed a supplemental answer in each case alleging payment. The parties stipulated that these amended and supplemental answers be considered answers to the amended complaints. All the cases were by stipulation and order consolidated and tried before a jury. At the conclusion of the trial the court instructed the jury to bring in a verdict for plaintiffs for the amounts prayed for in the amended complaints, but refused to allow any interest. Defendant appealed from the judgment, but as stated his appeal has been decided adversely to him. The trial court likewise struck plaintiffs' cost bill from the files. From that portion of the judgment refusing them interest, and from the order striking out their cost bill, plaintiffs have prosecuted this appeal.

▇ Plaintiffs contend, and we think rightly, that the court was in error in refusing to instruct the jury to allow them interest. The evidence showed that defendant had collected money belonging to plaintiffs and that he still retained it. It is true that he claimed to have accounted for it to the Danish consul and that he had paid it to the consul by delivering to him two promissory notes. However, this court has held in determining the other appeal that he did not account and that he had not paid over the money.

▇ The only grounds upon which defendant seeks to sustain the action of the trial court are that the amounts sued upon were unliquidated, and that plaintiffs recovered less than they prayed for in their original complaints. Neither of these contentions were tenable.

It is true that plaintiffs did not know at the time they filed their original complaints the exact amount for which defendant was indebted to them. However, this fact alone does not render a claim unliquidated in the sense that no interest can be allowed. Defendant had the use of money collected for the use and benefit of plaintiffs and belonging to them, and it would be unjust and inequitable not to charge him with interest from the time the actions were brought. The correct amounts due were easily arrived at by allowing defendant certain credits, the amounts of which

were at all times within his own knowledge. The claim of plaintiffs was certain, or capable of being made certain, by calculations within the meaning of section 3287 of the Civil Code. (*Engleberg* v. *Sebastiani*, 207 Cal. 727 [279 Pac. 795]; *Courteney* v. *Standard Box Co.*, 16 Cal. App. 600 [117 Pac. 776]; *Cutting Fruit Packing Co.* v. *Canty*, 141 Cal. 692 [75 Pac. 564].)

Furthermore, the retention by defendant of money belonging to plaintiffs was in effect a conversion, and plaintiffs are entitled to interest. (Sec. 3336, Civ. Code; *New York Cloak & Suit House of Los Angeles* v. *Coston*, 94 Cal. App. 94 [270 Pac. 695].)

The second point involved here is the action of the trial court in denying plaintiffs' costs because the amount recovered by certain of them was within the jurisdiction of the municipal court. The precise point involved here was decided adversely to defendant's contention in a late case. (*Duncan* v. *Torney*, 125 Cal. App. 207 [13 Pac. (2d) 765].)

It is therefore ordered that the judgment be modified by allowing plaintiffs interest at seven per cent per annum from the third day of December, 1928, on the respective amounts recovered by them; and the trial court is directed to revise and re-enter its judgment accordingly. It is further ordered that the order of the trial court striking out plaintiffs' cost bill be reversed. Plaintiffs will recover their costs of appeal.

Cashin, J., and Knight, Acting P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 14, 1934, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 13, 1934.