### In re LYDERS.

No. 26089–S.

District Court, N. D. California, S. D.

Sept. 16, 1936.

Sawyer & Cluff and Milton Newmark, all of San Francisco, Cal., for debtor.

Morrison, Hohfeld, Foerster, Shuman & Clark, Herbert W. Clark, and C. Coolidge Kreis, all of San Francisco, Cal., for claimants.

ST. SURE, District Judge.

The debtor seeks to review an order made by the referee in bankruptcy on February 18, 1936, allowing consolidated claims of Inger Marie Petersen and others, in the sum of $20,000 with interest, as a general claim.

The claim is based upon a judgment of the superior court of the state of California, in and for the county of San Francisco, in a case wherein Inger Marie Petersen et al. were plaintiffs and debtor was defendant. Upon appeal this judgment was affirmed by the District Court of Appeal for the First Appellate District of the State of California, and rehearing denied. The Supreme Court of the State of California later denied an application for hearing after judgment in said District Court of Appeal. Petersen v. Lyders, 139 Cal.App. 303, 33 P.(2d) 1030; Id., 139 Cal. App. 307, 33 P.(2d) 1032. Subsequently a writ of certiorari was denied by the Supreme Court of the United States (Lyders v. Petersen, 294 U.S. 716, 55 S.Ct. 514, 79 L.Ed. 1249), and rehearing thereon denied (Lyders v. Petersen, 294 U.S. 734, 55 S.Ct. 635, 79 L.Ed. 1262).

Notwithstanding these adverse rulings, the debtor filed in the bankruptcy court objections to the allowance of the Petersen claim, alleging that the judgment upon which the claim was based was void for want of jurisdiction in the state court of first instance, and for lack of due process of law. Claimants moved to dismiss and strike said objections. The referee, after giving all parties interested an opportunity to be heard, ruled upon claimants' motion, and on February 11, 1936, caused the following minute order to be entered of record: "Objections to claims overruled." Notice of the making of this order was served upon the debtor on February 14, 1936. Thereafter, on February 18, 1936, there being no objections before him, the referee allowed the claim.

The right to review a referee's order is given by section 2 (10) of the Bankruptcy Act, as amended, 11 U.S.C.A. § 11 (10). The method by which that right is exercised is prescribed by General Order 27 (11 U.S.C.A. following section 53). As the general order does not fix the time within which the petition for review must be filed, this court has promulgated rule 9, fixing the time at ten days. The general order and the rule of court have the force of law. In re Barta (In re Compton) 8 F.Supp. 84 (D.C.). No petition for review of the order of February 11th, determining the objections, was filed by the debtor within ten days of February 14th, when notice thereof was served; but thereafter, to wit, on February 27, 1936, the debtor filed a petition for review of the order made by the referee on February 18th allowing the claim.

I think the debtor has lost his right to have the order of February 11th, overruling his objections, reviewed because of his failure to make timely application therefor. It is the objections, and not the claim, which, as pointed out by section 57f of the Bankruptcy Act (11 U.S.C.A. § 93(f), is for hearing and determination. In re Weidenfeld (C.C.A.) 277 F. 59, 61.

The Bankruptcy Act provides: "Claims which have been duly proved shall be allowed, upon receipt by or upon presentation to the court, unless objection to their allowance shall be made by parties in interest, or their consideration be continued for cause by the court upon its own motion." Section 57d of the act; 11 U.S.C.A. § 93(d). "Objections to claims shall be heard and determined as soon as the convenience of the court and the best interests of the estates and the claimants will permit." Section 57f, 11 U.S.C.A. § 93 (f). "Contests on claims usually arise from objections stated * * *. The result is a trial, as of an issue in equity, the objections being the bill, the proof of debt the answer." Collier on Bankruptcy, (13th Ed.) vol. 2, p. 1167.

The record here shows that objections were made by the debtor to the allowance of the claim, and that said objections were heard and determined by the referee on February 11th, when he entered an order overruling them. The referee in his certificate on review states that his order was "merely interlocutory," but I am of the opinion that it was a final order, and when it was entered the

referee's power over it ended. In re Faerstein (C.C.A.) 58 F.(2d) 942, 943. The referee "had jurisdiction both of the subject-matter and of the person of the bankrupt. His order, made after hearing and not challenged by any proceedings for review, became a judicial determination of the issues then before him, and, like any other final judgment or order, is binding upon the parties thereto. It constitutes a judicial estoppel." Clark v. Milens (C.C.A.) 28 F.(2d) 457, 458.

The petition for review will be denied.