Milton Newmark and Harold M. Sawyer, both of San Francisco, Cal., for appellant.

Herbert W. Clark and C. Coolidge Kreis, both of San Francisco, Cal., for appellees.

Before WILBUR and GARRECHT, Circuit Judges, and NETERER, District Judge.

## LYDERS v. PETERSEN et al.

No. 8354.

Circuit Court of Appeals, Ninth Circuit.

Feb. 8, 1937.

Rehearing Denied March 15, 1937.

NETERER, District Judge.

Reversal is sought of an order of the trial court denying a petition to review an order of the referee in bankruptcy allowing claims of one Petersen and others for $20,000 with interest as a general claim. The basis of the claim is a judgment in five cases consolidated in the state court of California in which appellant had made defense, as is here offered as objections, to allowance of the claim. Concisely stated, it is claimed that in each of the cases he was employed by one of the seventeen "Danish Nationals" of the "Debtor" as their attorney at law to represent them in connection with their interests in estates of deceased persons in California, and elsewhere in the United States, and that the Kingdom of Denmark was indebted to appellant in sums equivalent to the face of the judgment; that payment has been demanded of the seventeen Danish nationals but has been refused; that he was employed by the Kingdom of Denmark to prosecute on behalf of citizens of Den-

mark; that he accepted such employment, and prosecuted claims and in August, 1928, accounted to the Consul of Denmark at San Francisco for all funds received, and that such Consul agreed to apply the funds to satisfy the said claim; that claimants are nationals residing in Denmark; that the Consul of Denmark did not deal with claimants directly; that all of his instructions came from the foreign office and it was his duty as Consul to represent the claimants; that for more than ten years prior to the state court action he was the agent and attorney for the Royal Consulate of Denmark on the Pacific Coast; that prior to the state court action he made settlement of the balance of the accounts; that after making settlement, the Consul caused the actions to be commenced; that the state court in said action disregarded the settlement and refused to give it effect, struck all the evidence .of said settlement, and directed a verdict for the claimants and entered judgment thereon; that the appellant, after actions supra were commenced, commenced an action in equity in the United States District Court, in the Northern District of California, for a complete accounting, but the action was dismissed on motion on behalf of the Kingdom of Denmark, it being sued without its consent; that the Kingdom of Denmark owes appellant more money than the amount of said judgment; that he has no remedy because said Kingdom refuses consent to be sued; that unless said judgment be perpetually restrained he will be required to pay the same twice.

Appeal from the state court judgment was prosecuted to the First Appellate District Court of California and judgment affirmed, and rehearing denied. 139 Cal. App. 303, 33 P.(2d) 1030, 1031. The Supreme Court of the State of California denied application to review the District Court of Appeal's decision (Petersen v. Lyders, 139 Cal.App. 307, 33 P.(2d) 1032) and writ of certiorari was denied by the Supreme Court of the United States (Ly-

ders v. Petersen, 294 U.S. 716, 55 S.Ct. 514, 79 L.Ed. 1249).

■ In Petersen v. Lyders, supra, the court said: "The recent case of In re Estate of Clausen, 202 Cal. 267, 259 P. 1094, decides that the consul of Denmark, in representing foreign heirs, does not do so in his sovereign capacity under and by virtue of the treaty between the United States and Denmark establishing consular offices and defining their duties. Danish Treaty, August 10, 1826, 8 Stat. U.S. 340. The Danish consul, therefore, in acting for foreign heirs, does so under a power of attorney and not in his official capacity. [Citing cases.] We must conclude, therefore, that the kingdom of Denmark in no way is interested in this action * * *." We approve this statement.

■■ It is obvious that there was nothing to review by the trial judge in the order of the referee. No objection was made to any item in the claim. In re Weidenfeld (C.C.A.) 277 F. 59. Multiplicity of suits are not necessary to clarify this issue. The state court afforded an adequate remedy. Appellant invoked that remedy and pursued it through the Appellate District and Supreme Court of the state, and the Supreme Court of the United States, and failed. American Surety Co. v. Baldwin, 287 U.S. 156, 53 S.Ct. 98, 77 L.Ed. 231, 86 A.L.R. 298.* (Compare cases in margin.) The state court had jurisdiction of the parties and the subject-matter, and the inequity claimed was also an issue. All matters in issue were adjudicated against him. The United States District Court is of limited jurisdiction, 28 U.S.C. A. § 371, and reviewing state court judgments is not of the powers granted. Claim of equitable offset has no merit. The identical claim was adjudicated in the state courts against appellant. The debt claimed to be due appellant from the Kingdom of Denmark may not be offset against a judgment for debt in favor of claimants.

Affirmed.

---

*Marshall v. Holmes, 141 U.S. 589–596, 12 S.Ct. 62, 35 L.Ed. 870; Mitchell v. First National Bank, 180 U.S. 471, 21 S.Ct. 418, 45 L.Ed. 627; Lion Bonding Co. v. Karatz, 262 U.S. 77–90, 43 S.Ct. 480–484, 67 L.Ed. 871; Bradford Electric Light Co. v. Clapper, 286 U.S. 145, 155, 52 S.Ct. 571, 574, 76 L.Ed. 1026, 82 A.L. R. 696; Fidelity National Bank & Trust Co. v. Swope, 274 U.S. 123–131, 47 S.Ct. 511–513, 71 L.Ed. 959; In re Rubin, 24 F.(2d) 289 (C.C.A. 7th.)