## In re TROTTIER.

District Court, D. Massachusetts. June 5, 1929.

No. 39780.

James I. Yoffa, of Boston, Mass., for creditor.

A. C. Lurie, of Boston, Mass., for trustee.

Seder & Seder, of Worcester, Mass., for bankrupt.

MORTON, District Judge. ■ The question is whether the referee was right in denying a petition for review filed by Yoffa, a creditor, because said petition was not filed within ten days after the order in question. The evidence not being reported, the facts must be taken as stated in the referee's certificate. Those essential to the discussion may be briefly summarized as follows:

The trustee brought suits in equity against the bankrupt and various persons associated with him to recover property alleged to have been conveyed in fraud of creditors. While these suits were pending, the trustee presented a petition for leave to compromise them for a stated sum. On this petition, notices were sent to creditors and it came on for hearing before the referee. Yoffa, a large creditor, appeared and objected, but expressed himself, through his counsel, as content to abide by any decision in the matter which the referee might make. The hearings were continued from time to time, and finally on December 19, 1928, an order was entered granting the petition. Yoffa's counsel was not present, according to the referee's report, at the adjourned hearings, either on December 7th or December 14th. He was in the building where a hearing on another phase of this case was in progress on December 27th, but did not come into the room. Between December 14th and December 27th he called up the referee's office, and one of the clerks there, confusing the matter in which Yoffa was interested with another matter in the same estate, informed Yoffa's counsel that the hearing on the petition on leave to compromise had gone over to December 27th.

After the ten days from the date of the order had expired, the trustee went ahead and completed the compromise, giving releases in accordance with the agreement and accepting payment thereunder. Yoffa does not now object to the general terms of the compromise, his chief ground of opposition being that unnamed agents and servants of the defendants were included in the releases. He does not, however, undertake to specify any such persons against whom claims ought to be prosecuted. ·

■■ Strictly speaking, it is of course the business of counsel to examine for themselves records in a case in which they are interested. While it is customary to make such inquiries of clerks in the office, as was done in this case, the information thus received is acted upon at the risk of the party who requests it. The compromise has been completed. It ought not to be exposed to attack except after hearing all parties concerned in it and upon a strong showing that it was highly disadvantageous, if not improper. Nothing of that sort appears in this case. On the contrary, the ground of objection is rather speculative and perhaps rather unsubstantial. No sufficient reason is shown for disregarding rule 23 in bankruptcy of this court.

The order of the referee is affirmed.