## ROBERTS AUTO & RADIO SUPPLY CO. v. DATTLE.

### No. 4360.

Circuit Court of Appeals, Third Circuit.

Oct. 11, 1930.

Geo. F. Lowenthal, of Philadelphia, Pa., for appellants.

Jos. Brandschain, M. Norman Dubois, and Horenstein, Feldman & Harvey, all of Philadelphia, Pa., for appellee.

Before BUFFINGTON, and DAVIS, Circuit Judges, and JOHNSON, District Judge.

**160**

**DAVIS, Circuit Judge.**

This is an appeal from the decree of the District Court dismissing the petition of the appellants and affirming the order of the referee which restrained the appellants from further proceedings in the state court.

On May 22, 1929, a petition in bankruptcy was filed against Max Berger individually and trading as M. Berger & Co. The following day the appellants, two creditors of the bankrupt, filed a bill in equity in common pleas court No. 5 of Philadelphia county, Pa., against the bankrupt, for the purpose of setting aside, and recovering for the creditors the proceeds of, a sale which is alleged to have been made by the bankrupt in violation of the Bulk Sales Act of Pennsylvania (69 PS § 521 et seq.). The purchasers from the bankrupt and the attorney of the bankrupt, in whose hands were the proceeds of the sale, were made defendants to the bill.

The receiver, appointed in the bankruptcy court, entered his appearance in the equity suit in the common pleas court, and the purchasers filed an answer to the bill. The attorney for the bankrupt did not file an answer, and the bill was taken pro confesso against him, and so the common pleas court ordered him to pay the proceeds of the sale, $4,250, into court. These orders were made without notice.

The receiver then petitioned the court of common pleas to vacate the order to pay the money into court, and asked that it be paid to him. This was denied.

In the meantime the receiver had been elected trustee of the estate in bankruptcy and intervened in the suit in the common pleas court. As trustee, he renewed the petition which he had filed as receiver, asked that the money be paid to him and that the order to pay it into court be vacated. This petition was likewise dismissed, and the money was paid into court.

The trustee obtained an ex parte order on July 10, 1929, from the referee restraining the original plaintiffs, who are appellants here, from further proceeding in the common pleas court. No action of any kind was taken by the appellants to review this order in the District Court. Instead, they obtained from the referee a rule to show cause why it should not be vacated. The referee refused to vacate the order. The appellants then filed a petition to review not only this order of refusal, but also the restraining order of July 10, 1929.

The appellants say that four questions are involved, but they all concern the validity of the order entered on July 10, 1929, restraining the appellants from further prosecution of the equity suit in the court of common pleas.

Technically this question is not properly before us, as no proceedings of any kind were taken to review the validity of that order until the petition was filed on September 26, 1929, to review the order of September 20, 1929, in which the petition to vacate the order of July 10, 1929, was dismissed. The rule of the United States District Court for the Eastern District of Pennsylvania with reference to reviewing orders of referees provides that, "unless the petition be afterwards allowed by a judge of the District Court for cause shown after notice to opposing interests a review of any action or order of a referee must be asked for by petition presented to him before the expiration of the tenth day after such action is taken or order made. * * * Referees are instructed to disregard petitions for review when presented after the expiration of the period named unless accompanied by an order of allowance from a judge of the District Court." The appellants waited two months and sixteen days before they took any steps to have the first order reviewed by the District Court, and the burden of this case rests upon this order.

■ While the referee should not have made the restraining order without notice, and while he failed to comply with General Order in Bankruptcy, No. XXIII (11 USCA § 53), in that the order did not recite that notice was given, or the order was by consent, or that it was made after hearing the adverse interests, yet the rules of court provide a method of orderly procedure which must be observed when it is desired to test the validity of any order. Since the appellants did not do this, but disregarded the rules without showing good cause therefor and without showing good and sufficient reason on the merits for reversing the referee, the petition was properly dismissed.

■ As to the order of September 20, 1929, the petition in bankruptcy was filed on May 22, 1929. The filing of the petition was a caveat to all the world and in effect an attachment and injunction. The property of the bankrupt was from that time in custodia legis, and thereafter jurisdiction to administer the assets of the bankrupt's estate was exclusively in the bankruptcy court. Mueller v. Nugent, 184 U. S. 1, 14, 22 S. Ct. 269, 46 L. Ed. 405; Acme Harvester Co. v. Beekman Lumber Co., 222 U. S. 300, 32 S. Ct. 96, 56 L. Ed. 208; Bailey v. Baker Ice Machine

Co., 239 U. S. 268, 276, 36 S. Ct. 50, 60 L. Ed. 275.

The purpose of the equity suit in the court of common pleas was "for the distribution (of the proceeds of the bulk sale) to the creditors thereunto entitled." The motive of the plaintiffs was therefore laudable, but the suit in the state court was intended to accomplish the same thing for which the petition in bankruptcy had already been filed. It would be unseemly and a waste of time, money, and energy to have two suits going on at the same time in different courts, dealing with the same subject-matter, to accomplish the same thing. Consequently Congress has seen fit to make the jurisdiction of bankruptcy courts exclusive in the administration and distribution of the assets of a bankrupt, title to which assets vests in the trustee, when elected, as of the date of filing the petition. Acme Harvester Co. v. Beekman Lumber Co., 222 U. S. 300, 32 S. Ct. 96, 56 L. Ed. 208; Everett v. Judson, 228 U. S. 474, 33 S. Ct. 568, 57 L. Ed. 927, 46 L. R. A. (N. S.) 154. The plaintiffs had no right, therefore, after the petition in bankruptcy was filed, to begin and prosecute a suit in the state court to set aside a sale made by the bankrupt in order to obtain the merchandise or purchase price "for distribution to the creditors" of the bankrupt. The creditors are represented by the trustee in bankruptcy whose duties a creditor has no right to assume, even though he institute a suit in a state court with laudable purposes. The purchaser did not pay the purchase price of the bulk sale to the creditors of the bankrupt, as the Bulk Sales Act of Pennsylvania requires him to do, nor did he take any steps to see that they were paid. The trustee was the proper party to begin the suit to set aside the sale or recover the purchase price. In re Roger Brown & Co. (C. C. A.) 196 F. 758; In re Thompson (D. C.) 242 F. 602; Brown v. Kossove (C. C. A.) 255 F. 806; Franz v. Franz (C. C. A.) 15 F.(2d) 797.

It follows that, for both technical and meritorious reasons, the order of the District Court is affirmed.