**THUMMESS v. VON HOFFMAN.**
**In re VON HOFFMAN.**
**No. 7107.**

Circuit Court of Appeals, Third Circuit.
Jan. 15, 1940.

David Goldstein, of Asbury Park, N. J., for appellant.

Matlack & Lautman, of Asbury Park, N. J. (Samuel K. Abrahams, of New York City, of counsel), for appellee.

Before BIDDLE, JONES, and BUF-FINGTON, Circuit Judges.

JONES, Circuit Judge.

Section 39, sub. c of the Bankruptcy Act, as amended by the Act of June 22, 1938, c. 575, Sec. 1, 52 Stat. 858, 11 U.S.C.A.

§ 67, sub. c, provides, in part here material, as follows: "A person aggrieved by an order of a referee may, within ten days after the entry thereof or within such extended time as the court may for cause shown allow, file with the referee a petition for review of such order by a judge and serve a copy of such petition upon the adverse parties who were represented at the hearing."

In the present case, the ten day period following the entry of the referee's order (denying the bankrupt a discharge) expired without a petition for review having been filed or an application for extension of time for such filing having been made. Thereafter, the court below, finding that cause for allowance of extended time for the filing of a review petition had been shown, entered an order allowing the bankrupt five days from the date of the court's order within which to file his petition. From that order, the trustee has appealed, contending that the court was without power to extend the time for the filing of a petition for review, the application therefor not having been made within the ten days following the entry of the referee's order whereof review was sought. The answer to the question, which the appellant thus raises, necessarily depends upon the meaning of the above quoted provision of Section 39, sub. c, of the Bankruptcy Act.

Prior to the inclusion of Subsection c of Section 39 in the Bankruptcy Act, the procedure for the review of an order of a referee was governed by General Order XXVII of the Supreme Court, 11 U.S.C.A. following section 53. As the General Order did not prescribe any time within which a petition for review might be filed, it was held that, to be timely, such a petition should be filed within a reasonable period following the entry of the referee's order. American Trust Co. v. W. S. Doig, Inc., 4 Cir., 23 F.2d 398, 399; Crim v. Woodford, 4 Cir., 136 F. 34; In re Grant, D.C., 143 F. 661; In re Foss, C.C., 147 F. 790. In a number of districts, however, the courts adopted local rules providing that a petition for review might be filed, as a matter of right, within a certain number of days (usually ten) following the entry of the referee's order or thereafter by leave of court upon good cause shown. In re L. & R. Wister & Co., 3 Cir., 237 F. 793; Amick v. Hotz, 8 Cir., 101 F.2d 311; In re Oakland & Belgrade Silver Fox Ranch Co., D.C.Me., 26 F.2d 748; In re Lesher & Son, D.C., E.D., Pa., 176 F. 650; In re J. W. Renshaw's Sons, D.C., E.D.Ill., 3 F. 2d 75.

■■ Obviously, in the districts where the rule prevailed that a petition for review might be filed within a reasonable time after the entry of an order of a referee, no question could, or did, arise, as to any want of power in a bankruptcy court, to entertain a petition for review, on the ground that an arbitrary period of time had elapsed since the entry of the referee's order. And, even in the districts where local rules of court prescribed a definite period for the filing of a petition for review or thereafter by leave of court, where proper cause therefor was shown, the courts entertained petitions for review which had not been filed until after the expiration of the definite period allowed for such purpose by local rule of court. In re Oakland & Belgrade Silver Fox Ranch Co., supra; In re Lesher & Son, supra; In re Wister et al., D.C., 232 F. 898; see Roberts Auto & Radio Supply Co. v. Dattle, 3 Cir., 44 F.2d 159, and In re Hopkins, D.C.R.I., 15 F.2d 206. The practice, which had thus developed under General Order XXVII and local rules of court had the force of law. In re L. & R. Wister & Co., supra; In re Lyders, D.C., 16 F.Supp. 213. To work a change in existing law, whereof Congress is deemed to have knowledge, requires plain terms to such effect in an amendatory statute. Thompson v. United States, 246 U.S. 547, 551, 38 S.Ct. 349, 62 L.Ed. 876.

■■ The purpose of Section 39, sub. c, as expressed by the House Committee on Judiciary at the time the proposed amendment was submitted to Congress, was to establish definitely the practice (i. e., on petitions for review) in the interest of certainty and uniformity[1]. This, Congress accomplished by incorporating in the Bankruptcy Act, as Section 39, sub. c, what had been substantially the law in a number of districts under General Order XXVII and local rules of court. The intent of the provision is to place a limitation upon the time within which an

---

[1] See report of Mr. Chandler for House of Representatives Committee on Judiciary on The Revision of The National Bankruptcy Act, Report No. 1409—75th Congress, 1st Session, p. 11.

aggrieved person can, as a matter of right, file a petition for the review of a referee's order, still leaving to the discretion of the court the allowance thereafter of permission to file such a petition, accordingly, as cause might be shown. If it had been the legislative intent to restrict the court's power in extending the time for filing to cases where action looking thereto is taken within the ten days allowed the aggrieved party for the filing of a review petition as a matter of right, then Congress would have plainly so declared, particularly, in view of the fact that the right to review orders of a referee is elsewhere conferred upon the bankruptcy court by a different section of the Bankruptcy Act (Sec. 2(10) of the Act of July 1, 1898, c. 541, 30 Stat. 545, as amended, 11 U.S.C.A. § 11(10). We conclude, therefore, that Section 39, sub. c, was intended to limit the duration of a party's right to file and not to restrict the court's power to permit filing.

Under the construction which the appellant urges, the power of the court to extend the time for the filing of a petition for review would in frequent needs prove unavailing. The same justifiable cause which would prevent the filing of a petition within the ten days following the entry of the referee's order might equally serve to prevent an application within the same period for an extension of the time for filing. Yet, the court would be powerless to relieve against the hardship of that situation if the appellant's contention were adopted. The injustice of such a result would weigh against the interpretation which the appellant advances, even if the meaning of the amendment were doubtful. Bate Refrigerating Co. v. Sulzberger, 157 U.S. 1, 37, 15 S.Ct. 508, 39 L.Ed. 601; Cumberland Telephone & Tel. Co. v. Kelly, 6 Cir., 160 F. 316, 15 Ann.Cas. 1210.

The appellant bases his argument on court decisions, both federal and state, holding that, where a right of appeal is given by statute, the time limited for the taking of an appeal goes to the jurisdiction of the appellate court and must therefore be complied with strictly. There can be no doubt about that. But, the principle is not in point here. By virtue of Section 2 of the Bankruptcy Act of July 1, 1898, as amended, the jurisdiction of a bankruptcy court attaches upon the filing of a petition in bankruptcy and continues to attend thereafter until the closing of the estate. Acme Harvester Co. v. Beekman Lumber Co., 222 U.S. 300, 306, 32 S.Ct. 96, 56 L.Ed. 208. Thus the statute (Sec. 2, cl. 10) confers the right to a review, and the amendment now under consideration (Sec. 39, sub. c) defines the procedure and prescribes the time within which the proceeding for review shall be commenced, just as did General Order XXVII and local rules of court before the adoption of the amendment. In re L. & R. Wister & Co., supra. No question as to the jurisdiction of the bankruptcy court to entertain a petition for review is involved by Section 39, sub. c. The question here is simply one of legislative intent; and, as to that, we are of the opinion that the court below acted within its power when, for cause shown, it extended the time for the filing of a petition for review after the expiration of the ten days following the entry of the order of the referee. As the existence and sufficiency of the cause which moved the court to extend the time for filing is conceded, there is no question of an abuse of discretion by the District Court.

Affirmed.