### In re MADONIA.

### No. 71163.

District Court, N. D. Illinois, E. D.
March 22, 1940.

Leon J. Ell, of Chicago, Ill., for bankrupt.

Archie Schimberg, of Chicago, Ill., for United Finance Corporation.

Emmanuel John Seidner, of Chicago, Ill., for trustee.

Arthur C. Wick, trustee.

HOLLY, District Judge.

The trustee herein filed a petition in this court to set aside a mortgage given by the bankrupt to United Finance Corporation. The referee to whom the matter was referred, upon hearing, held the mortgage invalid. United Finance Corporation, within ten days filed with the referee its petition for review, but did not serve a copy of the notice upon the trustee or counsel for the trustee. The trustee shortly thereafter filed with the referee his motion to strike

the petition for review upon the ground that notice of the petition had not been served upon him as required by statute. The referee granted that motion and United Finance Corporation filed its petition for the review of that order and served a copy of said petition on the trustee within the required time.

Section 39, sub. c, of the Chandler Act, 11 U.S.C.A. § 67, sub. c, provides: "c. A person aggrieved by an order of a referee may, within ten days after the entry thereof or within · such extended time as the court may for cause shown allow, file with the referee a petition for review of such order by a judge and serve a copy of such petition upon the adverse parties who were represented at such hearing. * * *"

It is the position of the trustee that the provisions for filing the petition for review and serving a copy upon the adversary are jurisdictional and that if the petition is not filed and the copy served within the ten-day period (unless the court has within the ten days granted an extension) the referee is without power to grant the petition or the judge to hear it.

I cannot agree. Statutes granting a right of review of the order of a court should be liberally construed, so that if error occurs it may be corrected.

Here the statute gives the court power to extend the time within which the petition should be filed, and the court's power in this respect is not limited to the ten-day period. I am of the opinion that the court has discretion, within reasonable limits, to grant the extension after the expiration of the ten-day period. The Circuit Court of Appeals of the Third Circuit has so held. Thummess v. Von Hoffman, 109 F.2d 291.

Further, I am of the opinion that the service of the copy is not necessary to give the judge jurisdiction of the subject matter. The filing of the petition with the referee is, but the service of the copy is for the purpose solely of giving notice to the other party that the matter is being taken from the referee to the judge. Counsel for trustee cite many cases in which it is held that where a statute provides that notice of appeal shall be filed and a copy served the service of the copy within the time fixed is jurisdictional. Some courts have very narrowly construed statutes providing for appeals, but the decisions of courts other than the Circuit Court of Ap-

peals of this Circuit or the Supreme Court of the United States are not authorities which I am bound to follow. They have persuasive force only in so far as their reasoning appeals to me. Further, a petition for review is not of exactly the same nature as an appeal.

An order accordingly will be entered March 27, 1940.