### In re AMSTERDAM BREWING CO., Inc.
No. 27618.

District Court, N. D. New York.

Sept. 10, 1940.

On Motion for Reargument and on Motion to Dismiss Petition for Reargument

Nov. 13, 1940.

John J. Bennett, Jr., Atty. Gen. (W. Gerard Ryan and Francis R. Curran, Asst. Attys. Gen., of counsel), for the State of New York.

Coleman Taylor, of Amsterdam, N. Y., for trustee.

MOSCOWITZ, District Judge.

The Trustee in bankruptcy seeks to dismiss the petition for review filed by the State of New York.

On May 29, 1940 the Referee made an order returnable June 12, 1940 requiring all parties to appear and show cause why the accounts of the Trustee should not be approved and stating that a final order would be made liquidating the affairs of the corporation and directing the disbursement of all funds.

On the return day the Attorney General of the State of New York appeared on behalf of the State of New York and claimed that certain taxes should be adjudged a part of the administrative expenses. The Referee decided against the contention made by the State of New York. Thereupon on June 12, 1940 an order was made directing the distribution of the funds in the hands of the Trustee.

The State of New York filed its petition for review on the 27th of June, 1940, which was more than ten days after the entry of the order.

Section 67, sub. c, of Title 11 U.S.C.A. reads as follows: "A person aggrieved by an order of a referee may, within ten days after the entry thereof or within such extended time as the court may for cause shown allow, file with the referee a petition for review of such order by a judge and serve a copy of such petition upon the adverse parties who were represented at the hearing. Such petition shall set forth the order complained of and the alleged errors in respect thereto. Upon application of any party in interest, the execution or enforcement of the order complained of may be suspended by the court upon such terms as will protect the rights of all parties in interest."

This section provides that a petition for review must be filed within ten days after the entry of the order. This was not done. See Thummess v. Von Hoffman, 3 Cir., 109 F.2d 291; Mayo et al. v. Murray et al., D. C., 3 F.2d 75; In re Lyders, D.C., 16 F. Supp. 213.

■ The claim is made by the State of New York that the ten day period does not begin to run until ten days after the service of the order upon the party affected by its terms. This contention is untenable. There is no requirement under the Bankruptcy Law that the order be served upon the party affected by its terms.

The petition for review will be dismissed.

## On Motion for Reargument and on Motion to Dismiss Petition for Reargument.

These are two motions; one, for reargument of a motion heretofore denied (see opinion dated September 10, 1940) and the other, to dismiss the petition for reargument.

■ Undoubtedly, it is true that, although Section 67, sub. c, of Title 11 of the United States Code Annotated provides that a petition for review may be filed by the party aggrieved ,within ten days after the entry thereof or within such extended time as the Court may for cause shown allow, the Court may nevertheless extend the time after the ten day period has elapsed. See Thummess v. Von Hoffman, 3 Cir., 109 F.2d 291; In re Madonia, D.C., 32 F.Supp. 165. However, there has been no extension of time and no request for an extension of time even up to the present date.

■ The petition for review was filed with the Referee after the ten day period. The Referee did not undertake to extend the time for the filing of such petition; he would have no power so to do, he merely certified the petition for review as a matter of course.

■ The procedure adopted by the Trustee in moving to dismiss the petition for reargument is unauthorized. It was not necessary to make the motion to dismiss the petition for reargument, the Trustee could have accomplished the same result by opposing the motion for reargument.

Motion for reargument will be denied. Settle order on notice.