## In re RAGOZINNO.

### No. 37780.

District Court, E. D. New York.

March 4, 1941.

J. Leonard Stoll, of New York City, for bankrupt.

Irving R. Krosner, of New York City, for trustee.

GALSTON, District Judge.

The Bankruptcy Act, Sec. 39, subdivision c, U.S.C.A. 11, § 67, subdivision c, limits the time for the filing of a petition for review of the order of the referee to ten days after the entry of the order "or within

such extended time as the court may for cause shown allow."

Rule 17, subdivision b, of the bankruptcy rules of this court provides: "Where the order is the result of a decision upon a contested matter, the referee shall transmit forthwith a certified copy thereof to the clerk of the court and the time within which to review said order shall begin to run from the date of the entry of said order by the clerk."

The orders which are sought to be reviewed here were filed with the clerk of the court on January 22, 1941. Thus the last day to serve and file petitions for review expired on February 1, 1941; but the petitions for review herein involved were not filed with the referee until February 4, 1941. The bankrupt now seeks additional time to serve and file a petition to review the order made by the referee which denied the application of the bankrupt to claim an exemption of the proceeds of an insurance policy, for on the 4th day of February, 1941, the attorney for the trustee returned a copy of the petition for review on the ground that the same had not been served within the statutory period.

The affidavit of the attorney for the bankrupt in support of the motion, in explanation of his delay, recites that he had prepared and forwarded the petition to review to the bankrupt by mail on January 30, 1941, for execution; and that the petition was executed on the following day, January 31, 1941. The bankrupt resides in Glencove, New York, and did not deliver it to the attorney personally but mailed it on February 1st, and it was not received by the attorney until February 3rd.

In further explanation the attorney in his affidavit seeks to excuse his delay by saying that he had received no notice in writing from the referee that his decision had been filed in the office of the clerk of the court, and that no copy of the order had been served by the trustee with notice of entry thereof, and that he had expected to be given notice of these orders.

· The question presented is whether the court now has power to extend the bankrupt's time.

▉ Our local rule, as hereinbefore quoted, starts the time within which the order may be reviewed from the date of the entry of the order by the clerk, and places no obligation upon either side to give notice to the other of the date of entry. Thus the question is narrowed as to the power of the court now to extend the time after the ten-day limit has expired. The attorney for the trustee contends that an application to extend the time to file a petition must be made before the ten-day period expires and relies upon In re Parent, D.C., 30 F.Supp. 943, and Thummess v. Von Hoffman, 3 Cir., 109 F.2d 291, and on an unreported matter in this court, In re Joseph D. Albert, in which no opinion was filed. In the Parent case it was observed that prior to the passage of the Chandler Act, 11 U.S.C.A. § 1 et seq., the time for filing a petition for review was regulated in that district (New Hampshire) by a rule of court which enabled the district judge to use his discretion, and held that it was evident that the amendment of the statute was for the purpose of speeding up the settlement of bankrupts' assets. The case supports the position taken by the trustee herein. But Thummess v. Von Hoffman, 3 Cir., 109 F.2d 291, 292, takes the contrary view in a carefully considered history of the practice. The opinion contains this important observation: "The intent of the provision is to place a limitation upon the time within which an aggrieved person can, as a matter of right, file a petition for the review of a referee's order, still leaving to the discretion of the court the allowance thereafter of permission to file such a petition, accordingly, as cause might be shown. If it had been the legislative intent to restrict the court's power in extending the time for filing to cases where action looking thereto is taken within the ten days allowed the aggrieved party for the filing of a review petition as a matter of right, then Congress would have plainly so declared, particularly, in view of the fact that the right to review orders of a referee is elsewhere conferred upon the bankruptcy court by a different section of the Bankruptcy Act * * * 11 U.S.C.A. § 11(10). We conclude, therefore, that Section 39, sub. c, was intended to limit the duration of a party's right to file and not to restrict the court's power to permit filing."

The more liberal view taken in Thummess v. Von Hoffman will be followed here. The provision in question was not intended to be treated as a statute of limitations. The cases cited by the trustee bearing upon a provision for an extension of time within which to file an application for discharge are not pertinent.

▉ Having concluded that the court has power to grant this application after

the expiration of the ten-day period, the remaining question is whether good cause is shown. On this question I think there is no doubt either. The delay of two or three days was wholly immaterial and was in part explainable because the bankrupt and his attorney exchanged papers by mail. It is true a messenger might have been sent from New York to Glencove but the failure so to do does not impress one as evidence of a dilatory or wilful delay.

The motion to dismiss the petitions for review is denied and the cross motion for an extension of time is granted. The order will provide a five day extension.

Settle order on notice.