In re ALBERT.

No. 299.

Circuit Court of Appeals, Second Circuit.

July 22, 1941.

Meyer Kraushaar, of New York City, for objecting creditor, appellant.

Michael Friedman, of Brooklyn, N. Y. (Herman G. Robbins, of Brooklyn, N. Y., on the brief), for bankrupt, appellee.

Before L. HAND, CHASE, and FRANK, Circuit Judges.

CHASE, Circuit Judge.

Joseph D. Albert was adjudicated a bankrupt in the District Court for the Eastern District of New York and in due course the referee made an order granting him a discharge.

One of the attorneys for this appellant, an objecting creditor, undertook to determine the time within which a petition to review the referee's order could be filed as of right and mistakingly came to the conclusion that more time could be taken than was actually available. He reported to another of appellant's attorneys who relied upon the information received and the mistake was not discovered until one day after the time allowed for filing a petition to review had expired. The appellant then moved for an order extending the time. The judge denied the motion without opinion. The record does not show whether the motion was denied upon the theory that the judge had no power to grant it, see Matter of Parent, D.C., 30 F.Supp. 943, or as a matter of discretion, see Thummess v. Von Hoffman, 3 Cir., 109 F.2d 291 and leave to appeal was granted.

Sec. 39, sub. c, of the Bankruptcy Act, 11 U.S.C.A. § 67, sub. c, provides that a petition to review an order of a referee may be filed within ten days after the entry of the order "or within such extended time as the court may for cause shown allow." It is clear that if an application for an extension of time is made before the expiration of the ten days the court has power to grant it and the question now presented is whether there is also power to grant it if not made until after the ten day period.

■ We think the statutory limitation is not a condition upon jurisdiction and that in the exercise of a sound discretion an extension may be granted though not applied for until after the time for filing a petition to review has run. The jurisdiction of the bankruptcy court when invoked by the filing of the petition continues until the estate is closed. Acme Harvester Co. v. Beekman Lumber Co., 222 U.S. 300, 32 S.Ct. 96, 56 L.Ed. 208. Its power to review orders of referees flows from Sec. 2(10) of the Act, 11 U.S.C.A. § 11(10), and nothing in Sec. 39, sub. c, expressly limits that power. On the contrary, the limitation is upon the right of a party aggrieved to obtain a review of a referee's order instead of upon the right of the court to grant one and is merely procedural.

■ Before Sec. 39, sub. c, took effect, General Order XXVII, 11 U.S.C.A. following section 53, now abrogated, and local rules applied. Under General Order XXVII a petition to review, if filed within a reasonable time after the entry of the order, was to be heard as a matter of right. American Trust Co. v. W. S. Doig, Inc., 4 Cir., 23 F.2d 398. Where local rules limited the time and that period had expired, the court might for good cause shown extend the time upon an application therefor even though made only after the time had expired for seeking a review as a matter of right. Amick v. Hotz, 8 Cir., 101 F.2d 311, 314. And as Sec. 39, sub. c, of the Act neither in terms or by necessary implication curtails the jurisdiction of the court it follows that the court has the unimpaired power to exercise that jurisdiction as formerly in respect to petitions to review orders of referees. Thummess v. Von Hoffman, supra.

We do not attempt to decide whether the appellant is entitled to the extension sought but only that it is entitled to have the district court pass upon that in the exercise of a sound discretion in the light of all the relevant circumstances.

Order reversed.