## In re ALBERT.
### No. 36254.

District Court, E. D. New York.
Sept. 25, 1941.

Meyer Kraushaar, of New York City, for objecting creditor.

Michael Friedman, of Brooklyn, N. Y. (Herman G. Robbins, of Brooklyn, N. Y., of counsel), for bankrupt.

MOSCOWITZ, District Judge.

This is a motion for an order extending the objecting creditor's time to file a petition for review of an order made by the Referee in charge of this case on January 11, 1941, granting the bankrupt his discharge.

On January 31, 1941, the creditor made a motion for an order extending his time to file a petition for review of the order of the Referee above referred to. This application was denied in all respects on February 7, 1941, by one of the Judges of this Court. An appeal was taken from said order, and on July 22, 1941, the Circuit Court of Appeals of this Circuit, 2 Cir., 122 F.2d 393, reversed the order of the Judge and directed that this Court "in the exercise of a sound discretion in the light of all the relevant circumstances" pass upon the motion of the creditor for leave to review the order granting the bankrupt his discharge.

The bankrupt filed his petition for discharge on January 4, 1939. The objecting creditor filed objections and extensive hearings (500 pages of testimony) were held before the Referee. The case was submitted to the Referee in June, 1940. On July 8, 1940, the creditor's exhibits were filed with the Referee. On November 25, 1940, the Referee filed an opinion. On December 26, 1940, the objecting creditor through his attorney learned of the filing of the opinion. Said attorney informed the attorney for the bankrupt that he intended to review the decision of the Referee and asked whether he would present an order complying with the Referee's decision. He requested the bankrupt's attorney to return the minutes of the hearings in order to enable him to prepare his brief. The minutes were not returned. On December 28, 1940, the bankrupt's attorney gave notice of settlement of an order in compliance with the Referee's decision.

The objecting creditor's attorney requested his associate to ascertain the time within which an appeal should be taken under the Bankruptcy Act, 11 U.S.C.A. § 1 et seq. His associate mistakenly informed the attorney for the creditor that said appeal could be taken within thirty days after notice of entry is served. On January 22, 1941, upon an examination of Collier on Bankruptcy the associate of the attorney for the objecting creditor ascertained that he was in error and that the proper procedure was for a bankrupt to petition for review within ten days of the filing of a certified copy of the order granting a discharge. The associate of the attorney went to the Clerk's office of the Court on January 22, 1941, and ascertained that the order granting the discharge had been filed on January 11, 1941. It therefore appears that the time to file a petition for review of the order was one day late.

On January 25, 1941, a motion was made returnable on January 31, 1941, for an extension of time to file a petition for review.

The motion was denied without opinion. As it has already been stated, an appeal was taken and the order was reversed.

This Court is in accord with the rulings in Matter of Renshaw's Sons, D.C., 3 F.2d 75, and Matter of Publix Enterprises, Inc., D.C., 7 F.Supp. 722, 726, that a default should not be opened unless it is excusable and that if the default is opened there are merits which should be the subject of judicial review. Even if a default is excusable, it should not be opened unless there is merit in the moving party's cause.

The bankrupt's attorney argues that the Court should not grant the motion to open the default even though it is excusable, unless the creditor shows that the Referee was in error and that the bankrupt is not entitled to his discharge. In other words, it is the contention of the attorney for the bankrupt that the Court would be required to review the five hundred pages of testimony and determine whether it should reverse the order of the Referee before opening the default. This is an unreasonable requirement. All that the creditor is required to show is that the default was excusable and that there is merit in his appeal to the Court for judicial relief. This is established by the moving papers. At most the creditor was one day late. The default was not willful and his application has merit. Motion granted.

Settle order on notice.