**In re J. & M. DOYLE CO.**

No. 20802.

District Court, W. D. Pennsylvania.

Jan. 28, 1942.

Frank B. Quinn, of Erie, Pa., for Burdette K. Beebe.

Thomas E. Doyle, of Erie, Pa., for John J. Doyle and Harrison L. Doyle.

English, Quinn, Leemhuis & Tayntor, of Erie, Pa., for J. & M. Doyle Co.

GIBSON, District Judge.

On March 24, 1941, the referee allowed the claim of Ætna Casualty and Surety Company of Hartford, Connecticut, in the amount of $2,340.87. The trustee filed his petition for review on April 7, 1941, four days after the time prescribed by rule for such action. No extension was allowed by the court either before or after his petition was filed. In consequence the petition for review must be dismissed. Thummess v. Von Hoffman, 3 Cir., 109 F. 2d 291.

However, the court has examined the record and is of opinion that the referee was not in error in allowing the claim. The claimant was surety upon four bonds of the bankrupt given in connection with road building contracts. In connection with the surety bonds the J. & M. Doyle Company had given the surety an indemnity bond in which it agreed: "The indemnitor(s) will at all times indemnify and keep indemnified the Company, and hold and save it harmless from and against any and all damages, loss, costs, charges and expenses of whatsoever kind or nature, including counsel and attorney fees * * * which it shall or may at any time sustain or incur by reason or in consequence of its suretyship * * * in connection with all bonds * * * or which it may sustain or incur in connection with any litigation, investigation, collection of premiums, or other matter connected with such suretyship * * * and the indemnitor will pay over to the Company * * * all sums of money which it or its representatives

shall pay or cause to be paid * * * on account of such suretyship * * *." Upon the indemnity bond the Ætna Casualty and Surety Company based its claim for counsel fees paid out by it in connection with the troubled financial affairs of the J. & M. Doyle Company. In the early part of 1940 that company was in great difficulty. It had overdue materials claims for $18,000, and had no funds to complete its unfinished contracts. With this situation confronting it, the surety company was compelled to employ counsel to investigate and assist in rehabilitating the contractor to the extent that it was able to complete its contracts. For its expenses so incurred it was entitled to recover under its indemnity contracts.

The order of the referee will be sustained.