**In re ADVOCATE et al.**
**No. 246.**

Circuit Court of Appeals, Second Circuit.

Feb. 4, 1944.

Martin B. Nadle, of New York City, for appellant Mandel.

Sale & Sale, of New York City, for appellant Advocate.

Julius J. Abeson, of New York City, for trustee, appellee.

784

Before SWAN, CLARK, and FRANK, Circuit Judges.

SWAN, Circuit Judge.

In April 1939 the appellants were adjudicated bankrupts, individually and as copartners trading as Frost Plumbing Supply Co. The appellee is the trustee in bankruptcy. On April 3, 1940 he began proceedings before the referee to require the bankrupts to turn over certain merchandise, books of account and money. Hearings upon the matter were terminated May 19, 1941; when it was finally submitted for decision does not appear. The referee's order directing the turn-over was made on March 8, 1943. On July 19, 1943 the bankrupt Mandel obtained from a district judge an order directed to the trustee to show cause why Mandel should not be allowed an extension of time to file a petition for review of the turn-over order. This motion was heard by Judge Inch upon affidavits and argument of counsel, and on August 24, 1943 an order was entered denying "the motion of Morris Mandel, one of the bankrupts herein, for an order extending his time to file a petition for review of referee's turn-over order dated March 8, 1943." In the recital of the order it appears that Mandel was represented by his attorney Mr. Nadle and "although the bankrupt Advocate is not a party to this motion," his attorney, Mr. Sale appeared and "at his request" was heard in support of the motion. Both bankrupts have appealed.

■ The trustee has moved for dismissal of the appeal in respect to the appellant Advocate. We think the motion must be granted. See In re Kane, 2 Cir., 48 F.2d 96, 97; In re Rose, 9 Cir., 86 F.2d 69. The motion was initiated by Mandel and the relief requested related only to a petition for review to be filed by him. Although Advocate's attorney was heard in support of the motion, the attorney was clearly informed both by Judge Inch's opinion and by the form of the order entered on August 24 that his participation was not regarded as making Advocate a party to the proceeding. It does not appear that Mr. Sale made application to resettle the form of the order. Nor can we see that the order as entered affects the rights of Advocate in any respect, except as a judicial precedent establishing that excuses such as Mandel offered for his delay in seeking to review the turn-over order were

insufficient. Whether Advocate could show adequate excuses for his own delay was not decided. It is too elementary to require the citation of authorities that a person not a party to an action may not appeal from the judgment entered therein merely because it may establish a precedent adverse to a similar action which he may wish to bring. The appeal of Advocate is dismissed.

■ Section 39, sub. c, of the Bankruptcy Act, 11 U.S.C.A. § 67, sub. c, permits a person aggrieved by an order of a referee, "within ten days after the entry thereof, or within such extended time as the court may for cause shown allow," to file with the referee a petition for review of such order by a judge. Although the point was not raised below, the trustee now urges that the district judge was without jurisdiction to entertain Mandel's motion. The argument is based on the definition of "Court" in 11 U.S.C.A. § 1(9), the powers with which referees are invested by 11 U.S.C.A. § 66(6) and the provisions of Order 12 of the General Orders promulgated by the Supreme Court, 11 U.S.C.A. following section 53, to the effect that after a general reference "all the proceedings, except such as are required by the Act or by these general orders to be had before the judge, shall be had before the referee". We agree with the appellee that the preferable practice is to apply to the referee, to whom the case has been referred, for an extension of time in which to file a petition for review of an order made by him. Such an extension is to be allowed only "for cause shown". The referee being familiar with the proceedings is in a better position than a district judge to determine in the first instance whether the tardy applicant has a reasonable excuse for his failure to file the petition within the ten day period and whether there is any merit in the review he seeks. If the application is denied, the order of denial may be reviewed by petition and such method of review will bring up to the district judge, and to the appellate court in the event of appeal, a more adequate record than is likely to be made by a motion before the judge on affidavits. This is well illustrated by the present skimpy record which does not even contain a copy of the turn-over order nor any findings of fact made by the referee. We cannot, however, accept the appellee's contention that the court lacked jurisdiction to entertain the motion.

General Order No. 12 does not deprive a district judge of jurisdiction to hear an application in bankruptcy proceedings which have been referred generally to a referee, Petition of Baxter, 6 Cir., 269 F. 344, 347, certiorari denied 256 U.S. 694, 41 S.Ct. 535, 65 L.Ed. 1175; Warren v. Security-First Nat. Bank, 9 Cir., 121 F.2d 822, 826; Collier on Bankruptcy (14th ed.), § 22.05. In several cases motions for extensions of time have been made to the judge and entertained without question as to his power. In re Albert, 2 Cir., 122 F.2d 393; Thummess v. Von Hoffman, 3 Cir., 109 F.2d 291; In re Ragozinno, D.C. N.Y., 37 F.Supp. 524; In re Albert, D.C. N.Y., 40 F.Supp. 980. Such a motion may be made either before the judge or before the referee, but for reasons already stated we regard as the better practice making it before the referee. The dictum in the case of In re Amsterdam Brewing Co., D.C. N.Y., 35 F.Supp. 618, 619, to the effect that the referee would have no power to extend the time is disapproved.

■ The motion was denied on the ground that the bankrupt's delay in seeking to review the order was inexcusable. In so ruling Judge Inch did not abuse the discretion vested in him to grant an extension of time "for cause shown". Mandel tries to put the blame for the four months delay upon Sale & Sale, the firm of attorneys who up to May 25, 1943 represented both of the bankrupts. He explains that he was out of the city from November 1940 to June 1941, letters about the case written to his attorneys during that period were not answered, and he "presumed that it had been closed satisfactorily"; and after his return to Brooklyn he heard nothing from the attorneys. But we do not think this wholly exonerates him of personal neglect of the case. The very fact that his letters went unanswered would seem to demand some inquiry by him after his return. Nor can we accept the contention that a litigant should never be charged with the negligence of his attorney. Beale v. Swasey, 106 Me. 35, 75 A. 134, 20 Ann.Cas. 396; Wheiles v. Ætna Life Ins. Co., 5 Cir., 68 F.2d 99. Mr. Sale's affidavit as to his efforts to communicate with his client is most indefinite. He says that he endeavored to communicate with both of the bankrupts through their relatives and was informed that they were in the government service, and that their relatives did not know where they

were "at that time". The date of Mr. Sale's inquiry is not stated; the natural inference is that it must have been while Mandel was away, or at least before March 8, 1943, since it is not likely that his relatives would have been unaware of his return for twenty months. Had either Mandel or his attorneys shown any diligence in trying to communicate with each other, he would not have remained in ignorance of entry of the order until May 25, 1943. He first learned of it on that date from an outside source. Thereupon he engaged the services of his present attorney Mr. Nadle. In the meantime but after expiration of the statutory ten day period Mr. Sale, erroneously thinking he had 30 days for action, made some ineffective efforts toward obtaining leave to file a petition for review of the turn-over order but no formal motion with notice to the trustee was presented by him. Even after Mr. Nadle was retained on May 25th no such motion was made until the show cause order of July 19th. It is urged that during these six weeks Mr. Nadle was continuously occupied in familiarizing himself with the voluminous record made before the referee in the turn-over proceeding, but it appears from the trustee's affidavit that a petition for rehearing of the referee's order had been prepared which Mandel verified on June 17th. The trustee made a motion returnable July 9th to punish the bankrupts for contempt in failing to obey the turn-over order. It is a fair inference that the appellant was in no great hurry to obtain a review of the order until pressed by the contempt motion.

■ What amounts to "cause shown" for extending the period for review allowed in section 39c of the Act is "essentially a question for the court of bankruptcy." Collier on Bankruptcy, 14th Ed., § 39.20, p. 1487. Where the excuses offered for a long delay are so dubious as in the case at bar there must be a clear showing of the probability of error in the order sought to be reviewed before we could be justified in finding an abuse of discretion by the district judge in denying an extension. See Roberts Auto & Radio Supply Co. v. Dattle, 3 Cir., 44 F.2d 159, 160; In re J. W. Renshaw's Sons, D.C.Ill., 3 F.2d 75. This record makes no such showing. The allegations of error apparently relate only to questions of fact and are couched in very general terms, such as, "the testimony does not meet the requirements of a

turn-over order," or the attorney's belief that "the requirements of possession and control have not been met." Such general conclusions unsupported by the testimony or excerpts of it are not sufficient to show meritorious cause for review. Not even the referee's findings of fact, although they were apparently before Judge Inch, have been included in the record on appeal.

Order affirmed.

FRANK, Circuit Judge (dissenting).

For the reasons stated in Seligson v. Goldsmith, 2 Cir., 128 F.2d 977, 979, and Robbins v. Gottbetter, 2 Cir., 134 F.2d 843, 844, I think a proceeding of this type is "an abuse of the process of the bankruptcy court," to be tolerated only because sanctioned by precedent; in effect, the trustee in bankruptcy is using a civil action as a substitute for a criminal suit. Having that in mind, it seems to me that appellants should be given ample opportunity to set up what defenses they can make, and that therefore there should be fully as much leniency in such a case as this as is ever indulged in any case because of the mistake of an attorney. With that in mind, I think we should follow In re Barnett, 2 Cir., 124 F.2d 1005, and, on that ground, reverse.