In re SADLER et al.

No. 39381.

United States District Court
N. D. California, S. D.

May 13, 1952.

Harrison W. Call, Oakland, Cal., for petitioner.

Max H. Margolis, San Francisco, Cal., for trustee.

OLIVER J. CARTER, District Judge.

There is before this court a petition for an order permitting review of an order of the referee in bankruptcy proceedings of Arthur J. Sadler, individually and the partnership known as Somerton Restaurant, composed of Arthur J. Sadler and Olga L. Barker. This petition was filed with the clerk of this court by Idelle Sadler, wife of Bankrupt, Arthur J. Sadler, on December 3, 1951. Also before this court is the trustee's motion for an order striking, denying and/or dismissing this petition.

The petition of Idelle Sadler alleges that on May 11, 1951 she filed a petition of reclamation in the above-named bankruptcy proceedings, by which she sought to establish her right to the contents of a certain safe deposit box in the Wells Fargo Bank and Trust Company, San Francisco, California, and to reclaim this property from the trustee in bankruptcy.

The petition for review further alleges that the referee received evidence in connection with the reclamation petition, and made two orders with respect to it: a written order, dated and filed August 17, 1951, and oral rulings and orders made on October 18, 1951.

Petitioner next alleges that on October 29, 1951 she sought to obtain court review of the referee's order by appearing at the office of the referee to file a petition for such review. Such petition was not then filed, according to her allegations, because the clerk in the office of the referee refused to accept it for filing upon the ground that it came too late.

The instant petition indicates no further steps upon the part of petitioner to preserve her rights until December 3, 1951 when this document was filed with the clerk of the court.

The right of a party to bankruptcy proceedings to petition for a review of an order of the referee by a judge is controlled by Section 39, sub. c, of the Bankruptcy Act, 11 U.S.C.A. § 67, sub. c.[1] The procedure for filing such a petition is set out in Bankruptcy Rule 9 of the Rules of Practice of the District Court of the United States for the Northern District of California.[2]

It is the position of petitioner that the referee's order of August 17, 1951 was in-

---

1. "c. A person aggrieved by an order of a referee may, within ten days after the entry thereof, or within such extended time as the court may for cause shown allow, file with the referee a petition for review of such order by a judge and serve a copy of such petition upon the adverse parties who were represented at the hearing. Such petition shall set forth the order complained of and the alleged errors in respect thereto. Upon application of any party in interest, the execution or enforcement of the order complained of may be suspended by the court upon such terms as will protect the rights of all parties in interest."

2. To enable Referees to comply with Section 39c of the Bankruptcy Act (11 U.S. C. 67c), the party who files with the Referee a petition to review an order of the Referee within ten days thereafter, or within such further time as the Referee may allow for cause shown, shall furnish the Referee with a transcript of the evidence, or a summary thereof agreed on by the parties, and deposit with the Referee such sum as the Referee determines is necessary for his indemnity for expenses in the preparation of his certificate on review. If the foregoing provisions of this Rule are not complied with, the Referee shall file his certificate to that effect with the Clerk of this Court and the petition for review shall be dismissed and the Referee's order affirmed unless, for good cause shown, the Judge shall determine otherwise.

Notice and hearing shall be as prescribed by Bankruptcy Rule 8 of this Court.

Except as hereinafter provided, the Referee shall not extend the time to file a petition for review to exceed an additional thirty days beyond the ten-day period provided for in Section 39c of the Bankruptcy Act (11 U.S.C. 67c), and no further extensions shall be allowed except by a Judge, for good cause shown; provided, however, that the limitation on the power of the Referee to grant extensions of time to file a petition for review shall not apply if the party in whose favor the order sought to be reviewed was made, or his attorney consents in writing to an extension in excess of the thirty days.

terlocutory and that it did not become final until October 18, 1951. From this point she reasons that the order was not reviewable until it became final, and that her offer to file the petition for review with the referee on October 29, 1951 was timely, and should be considered "substantial compliance" with Section 39, sub. c.

On the other hand, the trustee contends that the order of August 17, 1951 was final, and that the ten day period for filing a petition for review, as provided by Section 39, sub. c, expired on August 27, 1951.

█ It is not necessary for this court to decide whether the order of August 17, 1951 was interlocutory or final. Petitioner did not file a petition for review with the referee on October 29, 1951, but in her own words "attempted to file" such petition. Assuming that finality did not attach to the referee's order until October 18, 1951, the filing of the instant petition for review with the clerk of this court on December 3, 1951 was well beyond the ten day period following entry of the order. Thus, the petition for review indicates that there has been no compliance with Section 39, sub. c.

█ Petitioner has cited many authorities to the effect that the court has jurisdiction to now consider her petition for review, despite the fact that it was not timely filed. That such jurisdiction exists is conceded by the trustee. However, though Section 39, sub. c is not a limitation on the jurisdiction of the reviewing court to act, it is a limitation on the right of the "person aggrieved" to file a petition for review. Pfister v. Northern Illinois Finance Corp., 317 U.S. 144, 63 S.Ct. 133, 87 L.Ed. 146.[3] The court may, for cause shown, allow a party an extension of time within which to file such petition. This extension of time may be granted though application therefor is not made until expiration of ten days following entry of the order. Thummess v. Von Hoffman, 109 F.2d 291.[4] What amounts to "cause shown" for extending the period for review allowed in Section 39, sub. c is "essentially a question for the court of bankruptcy." 2 Collier on Bankruptcy, 14th Ed., Section 39.20, p. 1487. That is to say, it is a question as to whether or not the "cause shown" is sufficient to justify the court in exercising its discretion to permit a review of the referee's order after expiration of the time when a party could have requested such review as a matter of right.

█ The only cause which petitioner alleges for not filing within the ten day period is that the clerk in the office of the referee told her that it was too late to file and refused to accept her petition for filing. She does not allege that she otherwise attempted to comply with the requirements of Bankruptcy Rule 9 of The Rules of Practice of the District Court of the United States for the Northern District of California. That rule requires more than a mere tender of the petition itself in order to accomplish filing.[5]

█ A clerk in the office of the referee has no such discretion as will allow him to refuse to accept such a petition for filing. Indeed, Section 51(4) of the Bankruptcy Act, 11 U.S.C.A. 79(4), prescribes as a duty of such clerk that he shall "deliver to the referees all papers which may be referred to them * * *." Bankruptcy Rule 9[6] contemplates a situation in which a party may make an ineffective attempt to comply with its requirements.[7] In such case the referee is required to file his certificate to the effect that the petition has been filed, but that the provisions of the

---

3. See Also: Thummess v. Von Hoffman, 3 Cir., 109 F.2d 291; In re Albert, 2 Cir., 122 F.2d 393; Boyum v. Johnson, 8 Cir., 127 F.2d 491, 497, see Biggs v. Mays, 8 Cir., 125 F.2d 693, 696; In re Loring, D.C.Mass., 30 F.Supp. 758, 759.

4. See Also: In re Madonia, D.C.N.D.Ill., 32 F.Supp. 165; In re Amsterdam Brewing Co., Inc., D.C.N.D.N.Y., 35 F.Supp. 618. Compare Yankwich, "A Judge's Comments on Bankruptcy Reviews," 9 F.R.D. 575, 578; In re Advocate, 2 Cir., 140 F.2d 783; 2 Collier on Bankruptcy, 14th Ed., Sec. 39.20, p. 1487.

5. See note 2, supra.

6. Rules of Practice of the District Court of the United States for the Northern District of California.

7. See note 2, supra.

rule have not been complied with. It is the result of petitioner's own actions that the referee has not filed such a certificate, and that the existing situation has come about.

■ Petitioner does not allege that she sought to verify the information given her by the clerk with the referee himself, with counsel, or with any other source. The instant situation is analagous to that presented to the court in In re Trottier, D.C.Mass., 32 F.2d 1010, where petitioner failed to make timely filing of a petition for review because counsel received misinformation from the clerk in the office of the referee. In that case the court said, 32 F.2d at page 1011,

"While it is customary to make such inquiries of clerks in the office, as was done in this case, the information thus received is acted upon at the risk of the party who requests it."

When petitioner engaged in this colloquy with the clerk on October 29, 1951 she should have insisted that her petition be received for filing, or she should have filed her petition for review with this court immediately thereafter. Instead she allowed more than a month to go by before filing the petition which is now before the court. Nor does the petition offer any sort of explanation for this delay. Absent such explanation, the court cannot assume that it was excusable.

■ Aside from the question of delay in filing the petition, there remains the question of whether the petition sufficiently alleges cause for review. As was said by the court in In re J. W. Renshaw's Sons, D.C. Ill., 3 F.2d 75, 76, " * * * petition for leave to file the petition for review must be filed, but must set forth such error on the part of the referee as would warrant the court in reversing or otherwise changing or modifying the order of the referee, and, further, that the cause for not having filed the petition for review within 10 days was such as would warrant the intervention of equity, and would be of no material injury to parties other than the petitioner."

■ Where the excuses offered for a long delay in filing a petition for review are dubious, it is proper for a judge of the district court to deny an extension of time unless there is a clear showing of the probability of error in the order sought to be reviewed. In re Advocate, 2 Cir., 140 F.2d 783.

Petitioner, in alleging error in respect to the referee's order which she seeks to have reviewed, as is required by Section 39, sub. c, specifies such error as occurring in connection with: (1) a finding of fact; (2) allowing certain evidence to be introduced by the trustee; (3) a conclusion of law.

■ The finding of fact to which petitioner assigns error was to the effect that a certain item of property, $4,400 in cash, was not, and never has been, the property of petitioner. Such allegation is predicated upon the assertion that evidence upon this issue, offered by petitioner and received by the referee, was uncontroverted. Such an assertion is merely a conclusion upon the part of petitioner. Neither a transcript of the evidence, nor a summary of it, nor even extracts from it, is offered to support this conclusion. Evidence upon which the finding is based is not in the record before the court. General conclusions unsupported by testimony or excerpts of it are not sufficient to show meritorious cause for review. In re Advocate, supra, 140 F. 2d at page 786. This court must accept the findings of fact made by the referee unless clearly erroneous. General Order in Bankruptcy No. 47, 288 U.S. 632, 11 U.S.C.A. following section 53. The petition fails to show that this finding of fact is clearly erroneous.

It further should be noted that bankrupt's statement of affairs and schedules, filed at the time the instant proceedings in bankruptcy were begun, is a part of the record now before the court. Therein, under oath, bankrupt, Arthur J. Sadler, husband of petitioner, lists the contested item of $4,400 in cash as property which he owns. This fact alone indicates that petitioner's claim to the ownership of this item was not uncontroverted.

■ In her second charge of error the petitioner alleges that the referee erred in permitting the trustee to introduce evidence regarding the matter of a partnership and

the alleged funds of a partnership. Her assertion of error in this connection is another conclusion. Her failure to supply the record on this point makes it impossible to say that the referee's rulings were erroneous. To the contrary, what record there is before the court would indicate that the rulings of the referee on this point were entirely proper. Petitioner's reclamation petition put in issue the ownership of the cash item of $4,400. Since the ownership of this item had been claimed by the bankrupt, Arthur J. Sadler, who was also the husband of the petitioner, and the bankruptcy proceedings involve Arthur J. Sadler not only as an individual but also as a partner in the partnership known as the Somerton Restaurant, composed of Arthur J. Sadler and Olga L. Barker, the petitioner cannot now object that the question of ownership of the cash was thoroughly explored by the referee, having once turned the court's scrutiny upon the question of ownership of this item of property by her petition in reclamation.

Finally, petitioner alleges error on the part of the referee in concluding as a matter of law that her reclamation petition should be denied as to the item of $4,400.00 in cash. This conclusion, however, is one which inevitably follows from the contested finding of fact. Since the finding of fact is accepted as correct, no basis appears for challenging the conclusion of law resting thereon.

█ The record before this court does not include a transcript of the proceedings before the trustee, as has been indicated by previous discussion. Nor have questions of fact been raised by opposing affidavits. Therefore, consideration has been restricted to the petition itself. The petition for review fails to state sufficient cause to excuse the failure to file such petition within the ten day period specified by Section 39, sub. c. It also fails to make a clear case for the probability of error in the order for which review is sought.

The trustee's motion to dismiss this petition for review is granted.

Counsel for the trustee is hereby directed to prepare an appropriate order in accordance herewith.