John M. BENNETT, Appellant,

v.

Lawrence C. GUTMAN, Trustee and Evans-Johnson Company, purchaser, Appellees.

No. 285, Docket 27386.

United States Court of Appeals
Second Circuit.

Argued March 19, 1963.

Decided March 25, 1963.

**152**

Jacob W. Friedman, New York City, for appellant.

Lawrence C. Gutman, New York City (Leo H. Raines, New York City, on the brief), for appellees.

Before LUMBARD, Chief Judge, and CLARK and MARSHALL, Circuit Judges.

LUMBARD, Chief Judge.

These consolidated appeals from four orders of the United States Court for the Southern District of New York question proceedings of that court in the bankruptcy of Leatherhide Industries, Inc. Leatherhide and/or John M. Bennett, who is its president and also one of its creditors, are denominated the appellants, but for all practical purposes Bennett alone is the party behind these appeals. The record indicates that Bennett, supported in a few instances by an attorney representing a number of creditors but not the Committee of Creditors, was also the primary, if not quite the sole, source of opposition throughout the protracted proceedings below. We affirm each of the orders in question.

■ The appellants challenge first the dismissal by Judge Bryan of a motion to review Referee Herzog's order of August 29, 1958, adjudicating Leatherhide a bankrupt. Judge Bryan held that the matter had already been litigated and settled by an order of Judge Bicks dated September 3, 1959. Memorandum decision of Judge Bryan, June 15, 1960. No appeal was ever taken from Judge Bicks' order. What the appellants sought to do by their motion before Judge Bryan was simply to disregard the prior order. The motion was properly dismissed.

■ The second order under attack is an order of Judge Cashin, dated August 8, 1960, which affirmed two orders of Referee Stephenson. The first approved a compromise of disputed claims between the trustee in bankruptcy and the Evans-Johnson Company, a claimant against the bankrupt estate. Order dated November 13, 1959. The second denied leave to file out of time a petition to review the first order. Opinion dated May 3, 1960. After entry of the referee's first order, Bennett made a series of abortive motions to secure review of it. His primary objection to the order was that the assets transferred to Evans-Johnson pursuant to the compromise were worth much more than Evans-Johnson paid for them in cash and the settlement of claims; the record leaves little doubt that Bennett's valuation of the transferred assets was, to say the least, highly exaggerated. In any event, although the court apprised him in plenty of time of the means by which he could secure review, see Bankruptcy Act, § 39, sub. c, 11 U.S.C. § 67, sub. c,[1] he

1. At the time in question, this section provided:

"A person aggrieved by an order of a referee may, within ten days after the entry thereof, or within such extended time as the court may for cause shown allow, file with the referee a petition for review of such order by a judge * * *."

By Act of July 14, 1960, 74 Stat. 528, this was amended to provide that an extension of time beyond the ten-day period may be granted only if a petition for an extension of time is filed within the ten-day period. Unless a petition for review or petition for an extension of time within which to file a petition for review is filed within the ten-day period, the order of the referee becomes final.

failed to adopt these means and continued to pursue his own course, apparently indifferent to both the statutes and judicial advice.[2] Nevertheless, Referee Stephenson accorded him a full hearing before denying leave to file a petition for review out of time. Denial was based both on a failure to show good cause for the delay in filing the petition and on a failure to show a probability of error in the original order approving the compromise. See In re Advocate, 140 F.2d 783 (2 Cir., 1944). Judge Cashin agreed with the referee as to both points. We do also.

The appellants attack next an order of Judge Levet, dated December 10, 1959, which dismissed a petition of Leatherhide for reorganization under Chapter X of the Bankruptcy Act. This was the second such petition to be filed. See Leatherhide Industries, Inc. v. Lieberman, 268 F.2d 206 (2 Cir.), cert. denied, 361 U.S. 896, 80 S.Ct. 200, 4 L. Ed.2d 152 (1959). As the appellants have conceded, reorganization could not be carried through unless the bankrupt retained the assets which were transferred to the Evans-Johnson Company by the compromise referred to above. Since we have affirmed the order approving the compromise, there is no need to consider further the appeal from Judge Levet's order.

Finally, the appellants seek reversal of an order of Judge Cashin, dated October 26, 1961, in which he reaffirmed his order of August 8, 1960. This order was in response to appellants' motion for an order directing the referee to certify additional papers to the court and for reconsideration on the basis of such papers of the referee's order denying leave to file a belated petition for review of the order of November 13, 1959. One motion for the certification of additional papers having already been granted in its entirety, Judge Cashin found that there was no justification for the

belated attempt to have other papers certified. We agree. In other respects, this order duplicates Judge Cashin's order of August 8, 1960, which we have affirmed above.

All of the orders under review are affirmed.